## 41200. PERRY v. MITCHELL.
(322 SE2d 273)

HILL, Chief Justice.

On April 6, 1984, Charles Perry filed a petition for habeas corpus in the Superior Court of Chatham County in which he complained that he had been incarcerated for over 2 years without having been brought to trial. Although Perry is the petitioner in habeas corpus, he will be referred to herein as the defendant. The record of this case discloses the following facts.

The defendant was arrested for the murder of his grandmother on January 22, 1982, and attorney Roy Allen was appointed to represent him on January 27. A bond hearing was set for February 19 but Allen did not appear. Bond was denied on March 25, and the defendant was indicted on April 12. He was arraigned and pled not guilty on May 3, 1982.

The defendant filed a pro se petition for habeas corpus in federal district court on February 2, 1984, and on March 14, Walter Ballew was appointed by the district court to represent him in his federal habeas corpus action. An evidentiary hearing was held in district court on March 26, 1984. Kaye Jackson, the assistant district attorney (ADA) for Chatham County who was currently in charge of the criminal case, testified at the March 26 hearing. According to Jackson, the case was originally assigned to ADA Neal Manson, and then to Vie Bennett, before it was assigned to her. Allen filed certain motions on behalf of the defendant on May 3, 1982, when he was arraigned and pled not guilty. They were apparently set for hearing on June 21, 1982, but for an unexplained reason were not heard on that date. Sometime during July of 1982, ADA Manson turned the case over to Bennett. ADA Bennett fell seriously ill that fall and the motions were finally heard on November 1, 1982. Because Allen was a member of the legislature, no action was taken from January through March of 1983. Sometime between March and July of 1983, Allen withdrew as counsel. A motion hearing scheduled for July 18, was therefore continued. Guerry Thornton was appointed to represent the defendant on July 21, 1983. Following Thornton's appointment, ADA Bennett promptly wrote him a letter on July 25 saying, "I understand that you've been appointed; please contact me to go over the file." Thornton did not meet with the defendant until the first week in September and was unable to meet with Allen until sometime in October. A motions hearing set for November 21 was continued at Thornton's request. Meanwhile, ADA Bennett had the trial scheduled for December 6, 1983, and so notified Thornton; the trial was continued, however, on Thornton's motion. He did not seek to have the case set for a date certain.

ADA Jackson received the file on January 11, 1984. Thornton

filed certain discovery motions on January 31, and then, on February 15, filed a motion to withdraw. The motion was granted and on March 2, 1984, Gordon Smith was appointed to represent the defendant. ADA Jackson had scheduled a motions hearing for March 9, which was continued on Smith's motion. By March 26, 1984, Smith had filed a motion to withdraw, apparently based on the erroneous belief that Ballew had been appointed to represent the defendant on the state criminal charges. On April 4, 1984, the district court denied relief because the defendant had failed to exhaust his available state remedies, citing, inter alia, Rose v. Lundy, 455 U. S. 509 (102 SC 1198, 71 LE2d 379) (1982).

On April 6, 1984, Ballew filed the state habeas petition on behalf of the defendant which underlies this appeal. A transcript of the hearing in district court and a copy of its order dismissing the petition were introduced as evidence in the state habeas. On April 27, 1984, the defendant's state petition for habeas corpus relief was denied. On May 2, 1984, the defendant was tried for and found guilty of murder. This is his appeal from the denial of the state habeas petition.

The defendant and the state agree that the trial court was correct in utilizing the analytical framework set forth in Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), to decide this case. *Treadwell v. State*, 233 Ga. 468 (211 SE2d 760) (1975); *Hall v. Hopper*, 234 Ga. 625 (1) (216 SE2d 839) (1975). They disagree, however, as to the result reached.

In Barker v. Wingo, supra, the Court began its analysis from these propositions: "A defendant has no duty to bring himself to trial; the State has that duty. . . ." Barker v. Wingo, supra, 407 U. S. at 527. "This does not mean, however, that the defendant has no responsibility to assert his right." Id. at 528. "But . . . the primary burden [is] on the courts and the prosecutors to assure that cases are brought to trial." Id. at 529.

The Barker Court then identified four factors by which to evaluate claims that the right to a speedy trial guaranteed by the Sixth Amendment has been violated. The factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. The Court in Barker noted that this fourth factor protects three of the defendant's interests: (a) to prevent oppressive pretrial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired.

Applying these factors to this case, we find as follows: While the length of the delay (2 years, 3 months and 10 days) from arrest to trial is deplorable, especially because the defendant remained in jail, the reason for the delay does not, in this case, evidence that most

serious abuse — "A deliberate attempt to delay the trial in order to hamper the defense. . . ." Barker v. Wingo, supra, 407 U. S. at 531. Thus the delay need not "be weighted heavily against the government." Id. Nor, on the other hand, has the government shown "a valid reason, such as a missing witness," which would justify the delay. Id. Thus, to the extent the reason for delay is attributable to the state, it is a relatively benign but definitely negative factor.

In this case, however, to a considerable extent the reason for the delay is attributable to the defense. Three motions hearings and one trial setting were continued at the request of or due to the withdrawal of defense counsel. We are troubled by the fact that in part the delay appears to have been occasioned by a lack of attention to defendant's interests by his first two appointed attorneys rather than to a defensive strategy. As the district court stated in its order: "The fact that [the defendant's] attorneys may not have been diligent in protecting [his] constitutional right to a speedy trial is no excuse for the failure of the State to intervene and prevent an egregiously-long period of pretrial detention." Nevertheless, we recognize that delay often does work to a defendant's advantage. Barker, supra, 407 U. S. at 521.

This brings us to the third factor, which "is entitled to strong evidentiary weight" against the defendant, Barker, supra, 407 U. S. at 531, because throughout the course of his detention, he did not assert, in the criminal case, his right to a speedy trial under the Sixth Amendment.[1]

Finally, defendant's only assertion of prejudice is that (in his own words, when asked on cross-examination how he was prejudiced): "Well, you know, like this lady that died, Ms. Lillie Mae Jones, she was just like a second mother, a godmother to me, you know, and I could have called her as a character witness." The death of a possible character witness is not prejudicial enough to raise a bar to trial for the offense of murder charged here. Although his counsel argued that the delay made investigation for purposes of defending the defendant difficult, counsel presented no evidence to that effect.[2]

Having reviewed the facts in light of the applicable law, we conclude that the trial court did not err in denying the petition for

---

[1] We recognize that the defendant may have filed, pro se, a demand for trial pursuant to OCGA § 17-7-171 on or about December 21, 1983, after being incarcerated for almost two years. He states, by affidavit filed in the trial court, that he did so, and he attached a copy of such demand to his affidavit. However, the copy attached to his affidavit was not stamped by the clerk as being filed and the assistant district attorney testified in federal court that her file did not contain a copy of the demand. In any event, the trial in May 1984, was within the time required by OCGA § 17-7-171, supra.

[2] Our decision in this habeas corpus case shall not preclude the defendant from enumerating error on appeal of his criminal conviction based on the denial of a speedy trial. We reserve this right for the defendant because at trial of the criminal case he may have been able to show prejudice by delay not shown by this record.

habeas corpus. Nevertheless, we reiterate and make more specific the Sixth Amendment rules recognized by the U. S. Supreme Court in Barker v. Wingo, supra: The state has the duty to bring the defendant to trial following arrest and indictment; the defendant does not. This duty rests upon the court, the prosecutor, the clerk of court and the jailer, but the ultimate responsibility is upon the court. In multi-judge circuits in which criminal cases are assigned to a judge for disposition, the ultimate responsibility is on the assigned judge; in multi-judge circuits in which criminal cases are not assigned, the ultimate responsibility is on the chief judge. Judges should require such reports from prosecutors, clerks and jailers as may be necessary to ensure that their responsibilities are performed in a timely manner. Finally we do not condone the delay involved here, and we emphasize that each case must be reviewed on its own facts.

*Judgment affirmed. All the Justices concur, except Smith and Weltner, JJ., who dissent.*

DECIDED NOVEMBER 7, 1984 —
REHEARING DENIED DECEMBER 4, 1984.

*Calhoun, Hubbard, Riddle & Cox, Walter W. Ballew III,* for appellant.

*Spencer Lawton, Jr.,* District Attorney, *Fred S. Clark, Oliver R. Hunter,* for appellee.

WELTNER, Justice, dissenting.

I respectfully dissent.

This defendant was jailed on January 22, 1982, and remained in jail, without trial, for more than two years and three months.

Art. I, Sec. I, Par. XI. (a) of the Constitution of Georgia of 1983, provides in part: "In criminal cases, the defendant shall have a public and speedy trial by an impartial jury. . . ."

I cannot agree that, whatever the circumstances, a man can be held in jail without bond and without trial for more than twenty-seven months without violating our Constitution's speedy trial requirement.

I am authorized to state that Justice Smith joins in this dissent.