A90A0249. WILLIAMS v. THE STATE.
(392 SE2d 297)

BIRDSONG, Judge.

Appellant, Kevin Williams, appeals his sentence and judgment of conviction of robbery, robbery by snatching, aggravated assault, and obstruction of an officer. Appellant asserts that the trial court erred by ruling that evidence of his prior robbery was admissible as a similar transaction, and that the admission of appellant's prior miscon-

duct, as a similar transaction, constituted an impermissible attack upon his character. *Held*:

"Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct *outweighs* its prejudicial impact. 'However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged.' [Cit.]" *Oller v. State*, 187 Ga. App. 818 (2) (371 SE2d 455). Applying this test to the circumstances surrounding the prior robbery, we find that the evidence of similar transaction was admissible. Compare *Howard v. State*, 187 Ga. App. 74 (2) (369 SE2d 271); see also *Maggard v. State*, 259 Ga. 291 (2) (380 SE2d 259) (similar transaction evidence admissible to prove intent or lack of mistake although two crimes differed in some respects).

Appellant argues, inter alia, that the prior transaction was approximately two years old. "Mere lapse of time between the commission of any prior similar crimes and the commission of the offenses currently at trial does not render the evidence automatically inadmissible. [Cit.] Rather, lapse of time is a factor to be taken into consideration when *balancing* the probative value of the evidence against its potentially prejudicial impact." *Oller*, supra at 820. We find, as a matter of law, that the potentially prejudicial impact of the similar transaction evidence did not outweigh its probative value. After examining the record in its entirety, we are satisfied that the trial court did not abuse its discretion in admitting this evidence. *Roney v. State*, 192 Ga. App. 760, 763 (386 SE2d 412).

Appellant further argues that it was error to admit evidence of a similar robbery transaction when he had admitted his guilt to that offense in judicio. In a criminal case the burden of proof rests with the State " 'at all times down to the moment of [appellant's] conviction to prove that he was guilty as charged.' " *Lipham v. State*, 68 Ga. App. 174, 178 (3) (22 SE2d 532). An appellant cannot preclude the State from presenting evidence otherwise admissible merely by announcing in advance of the State's case-in-chief that he will admit his guilt and by subsequently making an admission in judicio to that effect. Accordingly, we find appellant's enumerations of error to be without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 12, 1990.

*G. Scott Sampson*, for appellant.
*Lewis R. Slaton*, District Attorney, Joseph J. Drolet, A. Thomas

*Jones, Assistant District Attorneys*, for appellee.