A94A1409. OBIOZOR v. THE STATE.
(445 SE2d 553)

BIRDSONG, Presiding Judge.

Godfrey Okechukwu Obiozor appeals his conviction of trafficking in heroin of more than 28 grams and unlawfully having under his control marijuana of less than one ounce in weight. *Held:*

1. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560), establishes the proper test to use when sufficiency of the evidence is challenged when "the challenge arises from the overruling of a motion for directed verdict . . . based upon alleged insufficiency of the evidence." *Humphrey v. State,* 252 Ga. 525, 527 (1) (314 SE2d 436). On

appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which convicted. *Jackson v. Virginia*, supra. *Haxho v. State*, 186 Ga. App. 393 (367 SE2d 282) is physical precedent only and, also, is distinguishable from this case; it is not controlling.

2. Appellant's claim of denial of his statutory and constitutional rights of speedy trial are not persuasive.

(a) Appellant failed to file timely his request for speedy trial under OCGA § 17-7-170. Also, at the motion hearing, appellant's counsel expressly abandoned on the record any claim of violation of appellant's statutory speedy trial rights. As this issue was not effectively litigated before the trial court, it has not been preserved on appeal. See *Nodvin v. West*, 197 Ga. App. 92, 95 (3a) (397 SE2d 581). Further, an appellant cannot complain of a ruling which his own trial conduct or procedure aided in causing (*Williams v. State*, 205 Ga. App. 445, 446 (2) (422 SE2d 309)); and, in no situation, will a trial judge's ruling be reversed for not going further than requested. *Lyon v. State*, 262 Ga. 247, 248 (3a) (416 SE2d 523).

(b) We also find appellant's claim of violation of his constitutional right to a speedy trial to be without merit. Mere passage of time, standing alone, does not compel a finding of denial of due process. *Simpson v. State*, 150 Ga. App. 814, 815 (258 SE2d 634). Nevertheless, the delay in bringing appellant to trial was sufficient, for purposes of determining whether his Sixth Amendment speedy trial rights were violated, to invoke the balancing test of *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101). An original indictment was returned and filed against appellant on October 2, 1991; he was brought to trial November 1, 1993, and verdict was returned on November 2, 1993. In the interim, on January 8, 1992, a federal indictment was entered against appellant who ultimately pled guilty on June 4, 1992, and was sentenced in the United States District Court of the Southern District of Texas. The term of confinement was 210 months. Subsequently, appellant was transferred to Louisiana for federal incarceration. On March 3, 1993, appellant, while in federal confinement, filed pro se a motion to dismiss or, in the alternative, an order that he be brought to trial on the State charges forthwith. His application for appointment of counsel for indigent defendant was filed August 26, 1993. On September 13, 1993, appointed defense counsel filed a notice of appearance. On that same day, defense coun-

sel filed a motion for extension of time to file additional motions, asserting, inter alia, that he could not adequately represent appellant without a reasonable time extension to file defense motions. That same date, defense filed a self-stylized *Brady* motion for discovery of certain specified reports, documents, and witness information; and in the alternative requesting an in camera inspection of the documents therein identified. There exists no evidence of record that the delay in this case was attributed to a "serious abuse" by means of a " 'deliberate attempt' " on the part of the State to delay trial to hamper the defense. Compare *Perry v. Mitchell*, 253 Ga. 593, 594-595 (322 SE2d 273). Although the State had a duty, under the Sixth Amendment as made applicable by the Fourteenth Amendment, to make a diligent, good-faith effort to bring petitioner to trial in Georgia notwithstanding his trial and incarceration for a federal offense (*Smith v. Hooey*, 393 U. S. 374 (89 SC 575, 21 LE2d 607)), the record is void of any evidence that the State failed timely to initiate a request for appellant's release, especially after the date when appellant filed his demand to dismiss or for immediate trial. Further, appellant does not claim any actual prejudice in the presentation of his defense arising from the delay; any other harm flowing to appellant was minimal within the meaning of *Barker v. Wingo*, supra at 534. Assuming appellant has suffered some degree of anxiety and concern as a result of the pending public accusation — even though he was confined miles away in another jurisdiction for a violation of federal law — nevertheless, some of the delay in prosecuting this case was attributable to his confinement by federal authority and some of the delay was attributable to his own trial procedure (for example, in filing the motion for extension of time and indicating a lack of ability to effectively proceed to trial at that instant). Compare *Perry v. Mitchell*, supra, with *Smith v. Hooey*, supra, and *Hill v. Wainwright*, 617 F2d 375 (5th Cir.). Applying the balancing factors of *Barker v. Wingo*, supra, we find that appellant was not deprived in this instance of his due process right to a speedy trial. Compare *Foster v. State*, 211 Ga. App. 22, 23 (437 SE2d 872) (anxiety and concern arising from incarceration will not, standing alone, create prejudice sufficient to compel a dismissal).

3. (a) Appellant asserts that the trial court erred in admitting similar transaction evidence which erroneously placed appellant's character in evidence. However, material evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue. *Greer v. State*, 199 Ga. App. 106, 107 (403 SE2d 825). Once the three affirmative showings required by *Williams v. State*, 261 Ga. 640, 642 (2a) (409 SE2d 649) have been met, evidence of similar transactions is admissible even though the defendant's character is incidentally placed in evidence thereby (see *Boyce v. State*, 258 Ga.

171 (366 SE2d 684)). Any danger arising from this incidental placing of an appellant's character in evidence is offset when a balancing test is applied to determine whether the relevance of the similar transaction evidence outweighs its prejudicial impact. See generally *Oller v. State*, 187 Ga. App. 818 (2) (371 SE2d 455); see also *Williams v. State*, 194 Ga. App. 822 (392 SE2d 297). To insure that the evidence of similar transaction is not being introduced solely to raise an improper inference as to an accused's character, we have tested it for legal relevance. *Adams v. State*, 208 Ga. App. 29, 34 (3a) (430 SE2d 35) (physical precedent only as to Division 3). For reasons hereinafter discussed, we find the evidence of appellant's conviction in federal court, following a plea of guilty to conspiracy to import into the United States heroin in excess of one kilogram, was admitted without error as similar transaction evidence. (Note: Testimony establishes the weight of the imported heroin as being approximately five kilograms or twelve-and-one-half pounds; heroin has a street value of about $1,000,000 a pound, and uncut heroin has a wholesale value of about $220,000 a kilo.) We further find that the probative value of this similar transaction evidence outweighs any potential for prejudice arising by incidentally placing appellant's character in issue.

(b) Appellant enumerates as error that the standards for admission of similar transaction evidence were not sustained by the State. At trial appellant conceded the State had satisfied both the first and second affirmative requirements of *Williams v. State*, 261 Ga., supra at 642 (2a). Appellant also concedes in his brief that the State satisfied the requirement of presenting evidence that the appellant/defendant was the perpetrator of the independent crime; thus, this issue has been abandoned; likewise abandoned is any claim that the trial court failed to make the affirmative findings on the record required by *Williams v. State*, 261 Ga., supra. Court of Appeals Rule 15 (c) (2).

Before any evidence of an independent offense may be introduced, the State must show a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Campbell v. State*, 263 Ga. 824, 825 (2) (440 SE2d 5). There is no requirement that the other transaction must be identical in every aspect. The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. *Sessions v. State*, 207 Ga. App. 609 (1) (428 SE2d 652). The ultimate issue in determining admissibility of similar transaction evidence is not mere similarity but relevance to the issues of the case on trial. *Ward v. State*, 262 Ga. 293, 295 (2) (417 SE2d 130). Where a similar transac-

tion offense is shown to be part of a larger plan or scheme for which a defendant is being tried, a sufficient logical connection exists between the two offenses to meet the requirements of the third prong of *Williams v. State*, 261 Ga., supra (sufficient connection or similarity). See *Brockman v. State*, 263 Ga. 637, 640 (3) (436 SE2d 316).

The State has asserted several factors showing factual similarity between the similar transaction evidence and the heroin offense on trial; however persuasive this argument may be, even more persuasive is the valid connection existing between these two offenses. Appellant pled guilty and was convicted of conspiring to import over one kilogram of heroin into this country. It can only be reasonably inferred that parties would not conspire to bring a large and expensive quantity of illegal drugs into this country, thereby risking threat of detection and subsequent prosecution, without having a greater plan or scheme of transferring or distributing a substantial portion of those drugs to others for profit. Thus, the federal conspiracy offense had a unique connection to appellant's trafficking in heroin offense; the conspiracy to import heroin offense unequivocally was relevant in that proof of it tends to establish, within the meaning of *Campbell*, supra, that appellant was trafficking in heroin as averred in the indictment. Cf. *Everhart v. State*, 209 Ga. App. 82 (1) (432 SE2d 670). An appellate court will not reverse the correct ruling of a trial court regardless of the reasons given therefor. *Ely v. State*, 192 Ga. App. 203 (4) (384 SE2d 268).

4. Appellant enumerates that the trial court erred in overruling appellant's motion to strike hearsay evidence and abused its discretion in allowing the prosecution to rehabilitate the witness through additional questioning. This enumeration contains two separate assignments of error in violation of OCGA § 5-6-40. When, as here, appellant asserts more than one error within a single enumeration, this court in its discretion may elect to review none, or one or more, of the errors asserted within the single enumeration. *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 606 (6) (431 SE2d 383); *Robinson v. State*, 200 Ga. App. 515, 518 (2) (408 SE2d 820); *West v. Nodvin*, 196 Ga. App. 825, 830 (4c) (397 SE2d 567).

Although cursory examination reveals that any admission of hearsay testimony of Special Agent Klemm as to the similar transaction incident was harmless under the circumstances, we elect to review only appellant's assertion that the trial court erred in allowing the prosecution to rehabilitate the witness Klemm by additional in-court questioning. A trial court has discretion in regulating and controlling the business of the court, and an appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that the discretion was abused and harmful error resulted. See *Neesmith v. State*, 161 Ga. App. 463, 464 (2) (288 SE2d 718). Under

the attendant circumstances, the trial court did not abuse its discretion in deferring ruling on the objection and allowing additional questioning of the witness (see *Maher v. State*, 239 Ga. 305, 306 (2) (236 SE2d 647)); the object of all legal investigation is the discovery of truth. OCGA § 24-1-2; see *Owens v. State*, 205 Ga. App. 824, 825 (2) (423 SE2d 731).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 9, 1994.

*David J. Walker, Sr.*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.