## A97A2237. SNOW v. THE STATE.
(494 SE2d 309)

BLACKBURN, Judge.

Harry Snow, Jr. appeals the trial court's denial of his motion to acquit based on the State's failure to grant him a speedy trial, as guaranteed by the Sixth Amendment of the United States Constitution and by the Constitution of the State of Georgia. Snow was arrested on September 5, 1992, and charged with driving under the influence of alcohol, driving with a suspended license, and failure to use his seatbelt. Snow was tried and convicted on November 14, 1996. For the reasons discussed below, we affirm the convictions.

As the evidence is uncontroverted and no question of credibility is presented, the standard of review of the trial court's application of the law to undisputed facts is a de novo appellate review. *Vansant v. State*, 264 Ga. 319 (443 SE2d 474) (1994). Snow's contention that his constitutional right to a speedy trial was violated does not involve the Georgia statutory speedy trial provisions and must be analyzed

under the standard set out by the Supreme Court in *Barker v. Wingo*, 407 U. S. 514, 530 (92 SC 2182, 2192, 33 LE2d 101) (1972). Specifically, the following factors must be considered: (1) the length of the delay; (2) the reason for the delay; (3) assertion by the defendant of his right to a speedy trial; and (4) prejudice to the defendant. *Barker*, supra at 530. However, "these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." (Footnote omitted.) Id. at 533. Absent an abuse of discretion, the decision of the trial court must be affirmed. *Brown v. State*, 264 Ga. 803, 805 (2) (450 SE2d 821) (1994).

In balancing these factors, it must be remembered that "while the defendant has a right to speedy trial, society has a corresponding equivalent right to bring him to trial; and while the state has a duty to bring him to a speedy trial, the defendant has a responsibility to assert that right. Both parties and interests stand alike at the beginning. . . . But since both parties do stand alike at the beginning, when both parties stand alike in their respective failures to provide and assert the right to speedy trial, then because of the peculiar nature of the individual's right to speedy trial as one whose deprivation can definitely work to his advantage, the weight of the equities generally lies naturally with society and its right to try the criminal defendant." (Emphasis omitted.) *State v. Lively*, 155 Ga. App. 402, 405 (270 SE2d 812) (1980). The trial court did not abuse its discretion in adhering to such weight of the equities in the matter at hand.

Snow's right to a speedy trial runs from the time of his arrest. *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994). The filing of a demand for speedy trial is not a prerequisite to a plea in bar for failure to have a speedy trial on constitutional grounds. *State v. King*, 137 Ga. App. 26 (222 SE2d 859) (1975). Because Snow was not tried until approximately four years after his arrest, the delay is sufficient to trigger a threshold presumption of prejudice to the defendant. *Brown*, supra at 805. Delay alone, however, does not constitute a violation of the Sixth Amendment, and the other factors in the *Barker* balancing test must be considered. *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992).

The State attributes the delay in this case mainly to the fact that Snow had been incarcerated for a period of time in 1992, thereby preventing the clerk of court from locating him. This reason, if accepted, accounts for only part of the delay, however, leaving the remainder unexplained. "Where no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial." *Boseman*, supra at 733 (1) (b).

Snow did not assert his right to a speedy trial until the filing of his motion to dismiss on February 29, 1996. This four-year delay in asserting his right weighs heavily against Snow's claim that he has

been denied a speedy trial. *Barker*, supra at 532.

The fourth factor in the *Barker* balancing test requires a consideration of three corollary goals of the right to a speedy trial: (1) the prevention of oppressive pretrial incarceration; (2) the minimization of the anxiety and concern of the accused; and (3) the limitation of the possibility that the defense will be impaired. *Brown*, supra at 804-805, citing *Barker*, supra at 532. Snow produced no evidence of pretrial incarceration attributable to the delay of the State in this case and minimal evidence of anxiety caused by the delay.

Snow argues that his defense has been prejudiced by the loss of a witness named Cat who was a passenger in his car on the night he was arrested. Snow contends that he was unable to contact the witness at the time of trial, although he knows generally where she lives, that she got married, and that she changed her name. According to Snow, Cat would have testified that he had not been drinking on the night in question; however, there is no evidence which corroborates this assertion. Furthermore, there is no evidence in the record that Snow made any effort whatsoever to keep track of Cat. See *Washington v. State*, 243 Ga. 329, 332 (253 SE2d 719) (1979) (no evidence that defendant urged counsel to keep track of alibi witness).

At trial, Snow's counsel attempted to use the delay in Snow's trial to his advantage, making numerous arguments to the jury that the arresting officer's testimony should be discounted due to the passage of time. Applying the *Barker* balancing test, Snow's right to a speedy trial was not violated. Accordingly, we find that the trial court did not abuse its discretion in denying Snow's motion to acquit.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 24, 1997.

*Jane Morrison*, for appellant.
*June D. Green, Solicitor, Wanda L. Dallas, Assistant Solicitor,* for appellee.