## A99A0060. JERNIGAN v. THE STATE.
### (517 SE2d 370)

RUFFIN, Judge.

Janet Jernigan appeals the trial court's denial of her motion to dismiss for violation of her right to a speedy trial. Jernigan contends that the delay of over 17 months between her arrest for driving under the influence and her trial for this offense deprived her of her right to a speedy trial as guaranteed by both the Sixth Amendment of the United States Constitution and the Constitution of the State of Georgia. For reasons discussed below, we affirm the trial court's denial of Jernigan's motion.

Jernigan admittedly did not file a statutory demand for speedy trial pursuant to OCGA § 17-7-170. Accordingly, we must analyze her claim of constitutional violation under the framework set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). *Snow v. State*, 229 Ga. App. 532-533 (494 SE2d 309) (1997). Under *Barker*, four factors must be analyzed in determining whether a defendant's constitutional rights to speedy trial have been violated, including: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of her right; and (4) the prejudice to the defendant. *Jackson v. State*, 231 Ga. App. 187, 188 (2) (498 SE2d 780) (1998). Courts must undertake a balancing process in weighing these factors. *Snow*, supra. "Absent an abuse of discretion, the decision of the trial court must be affirmed." Id.

We look first to the 17-month delay. "Mere passage of time, standing alone, does not compel a finding of denial of due process." *Obiozor v. State*, 213 Ga. App. 523, 524 (2) (b) (445 SE2d 553) (1994). Nevertheless, we find that the delay of 17 months raises a threshold presumption of prejudice. *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997); *Chambers v. State*, 213 Ga. App. 414, 415 (1) (a) (444 SE2d 820) (1994). This presumption of prejudice triggers the inquiry into the remaining factors set forth in *Barker*. *Johnson*, supra.

The reasons for the delay are myriad. Jernigan was arrested for driving under the influence on December 2, 1995. Following Jernigan's demand for jury trial, a trial was scheduled for March 26, 1996. On this date, the State indicated it needed additional time to follow up on Jernigan's blood test. There is no indication in the record that Jernigan opposed this continuance. Accordingly, the trial court rescheduled the trial for April 29, 1996.

On April 29, Jernigan's attorney, Billy Spruell, was not present in court and another attorney requested a continuance on behalf of Jernigan. The trial court rescheduled the trial for May 15, 1996. On May 15, Jernigan announced ready for trial, but the State requested a continuance. Jernigan did not object to the continuance and the trial court rescheduled the trial for May 29, 1996. On May 29, Jernigan requested another continuance because Spruell had a conflict. The trial court rescheduled the trial for August 29, 1996.

On August 28, 1996, Spruell appeared in court and announced ready for trial. The State contended that the trial actually was scheduled for August 29, 1996. It is apparent from the record that there was some confusion regarding the matter, although the exact nature of this confusion is not clear. Accordingly, the trial court rescheduled the trial for October 16, 1996.

On October 16, the State requested a continuance because its witnesses, who had testified at an earlier trial, had left. Although Spruell objected to this continuance, his client was not in court at the time and, thus, it is unclear whether he would have been able to proceed with the trial.

The trial court reset the matter for November 1, 1996. However, Spruell had a conflict and the trial was continued until November 7, 1996. For some reason, the matter did not go forward on this date and the trial court rescheduled it for November 22, 1996.

On November 22, the State was prepared to try the case; however, a witness for Jernigan had moved out of state and Jernigan moved the court to compel the attendance of this witness. In addition, Jernigan had several pre-trial motions to address, including a motion to suppress. The State requested that the trial court consider the motions immediately before trial to minimize the inconvenience

to the State's witnesses. The trial court reset the matter for December 12, 1996.

On December 12, although Spruell was in court, Jernigan failed to attend. Accordingly, the trial court reset the matter to January 22, 1997 and ordered Jernigan to be present. On January 22, Jernigan announced not ready and the trial court rescheduled the matter for May 21, 1997 at which time the trial actually commenced. This Court subsequently stayed the trial pending the outcome of this appeal.

Jernigan contends that the delay in this case must be attributed to the negligence of the State in bringing this case to trial. To the extent that any of the delay is unexplained, we construe the delay against the State. *Daughenbaugh v. State*, 225 Ga. App. 7, 9 (482 SE2d 517) (1997). In this case, the explanation for much of the delay is readily apparent. Much of the delay was attributable to Jernigan, although the State was also responsible for some delay. However, there is no evidence that any of the delay can be attributed "to a 'serious abuse' by means of a 'deliberate attempt' on the part of the State to delay trial to hamper the defense." (Punctuation omitted.) *Obiozor*, supra at 525. "Therefore, although the delay attributable to the State is a negative factor, it is relatively benign." *Johnson v. State*, supra at 418.

With regard to Jernigan's assertion of her right to a speedy trial, we note that she failed to assert either her statutory or constitutional right to a speedy trial. Because a defendant may benefit by delaying a trial, this Court has recognized that a defendant has a responsibility to assert her right to a speedy trial. *Collingsworth v. State*, 224 Ga. App. 363, 366 (1) (480 SE2d 370) (1997). Accordingly, we construe Jernigan's failure to assert her right to a speedy trial against her. *Thomas v. State*, 233 Ga. App. 224, 226 (2) (504 SE2d 59) (1998); *Brown v. State*, 264 Ga. 803, 805 (2) (450 SE2d 821) (1994).

As to the matter of prejudice, we weigh this factor most heavily in determining whether a defendant's constitutional rights have been violated. *Thomas*, supra. Here, there is no evidence of a lengthy pre-trial incarceration. In addition, the fact that Jernigan never filed a demand for a speedy trial suggests that she was not suffering anxiety or stress from the delay. *Heinen v. State*, 186 Ga. App. 373, 375 (d) (367 SE2d 275) (1988).

Jernigan claims prejudice because Michael Jernigan, her only witness, moved to California prior to trial. To carry her burden of showing prejudice due to the unavailability of this witness, Jernigan must show that the missing witness could supply material evidence for the defense. *Torres v. State*, 270 Ga. 79, 81 (2) (508 SE2d 171) (1998). "A missing witness whose testimony cannot help a defendant constitutes a flimsy basis on which to claim prejudice." Id.

Jernigan claims that Michael Jernigan would have testified that

he was with Jernigan the night of her arrest, that he had seen how much she had to drink, and that she could not have been drunk. At the hearing on Jernigan's motion to suppress, three law enforcement officers who saw Jernigan on December 10, 1995 testified that she was visibly intoxicated. The arresting officer testified that Jernigan "had a hard time walking" and that she almost fell while attempting to sit down in the patrol car. The officer who first saw Jernigan and Michael Jernigan walking together towards their car testified that Michael Jernigan also was intoxicated to the point that he could not insert his car key into the door.

Jernigan moved the trial court to compel Michael Jernigan's attendance, claiming that his testimony was material to her defense. The trial court denied Jernigan's motion, finding that Jernigan failed to prove that the witness' testimony was material. Jernigan did not appeal this ruling.

Pretermitting whether Jernigan is bound by the trial court's determination that Michael Jernigan's testimony was not material, we find that the trial court did not abuse its discretion in concluding that Jernigan was not prejudiced by his absence. Given the evidence of Michael Jernigan's own intoxication, the trial court could conclude that his testimony regarding how much Jernigan had to drink would not have assisted her case. "There must be more than a mere claim of prejudice; it must be shown, and this the accused did not do." (Citation and punctuation omitted.) *Heinen*, supra at, 375-376.

We must keep in mind that juxtaposed against the defendant's right to a speedy trial is society's corresponding right to try the defendant. *Collingsworth*, supra. Balancing all four factors of *Barker*, we conclude that the 17-month delay in this case did not violate Jernigan's constitutional right to a speedy trial. Id.; *Daughenbaugh*, supra; *Jackson*, supra. Accordingly, the trial court did not abuse its discretion in denying her motion to dismiss.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 11, 1999 —
RECONSIDERATION DENIED JULY 13, 1999.

*Spruell, Taylor & Associates, Billy L. Spruell, Melinda D. Taylor*, for appellant.

*Joseph J. Drolet, Solicitor, Katherine Diamandis, Assistant Solicitor*, for appellee.