## S02A0159. SMITH v. THE STATE.
### (564 SE2d 441)

SEARS, Presiding Justice.

Appellant Avonna Smith appeals the denial of his motion to dismiss the indictment against him due to an alleged violation of his right to a speedy trial under the Sixth Amendment to the United States Constitution. Applying the criteria of *Barker v. Wingo*,[1] we determine that Smith has not established a deprivation of his constitutional right to a speedy trial, and we affirm.

Appellant was taken into custody on the underlying charges by Fulton County officials on October 1, 1997.[2] Appellant and his co-defendants, Gilbert and Thomas, were indicted on October 7, 1997, and charged with murder, felony murder, and aggravated assault. Counsel was appointed, and appellant waived arraignment and pled not guilty on January 5, 1998. Appellant opted into reciprocal discovery and the State produced informal discovery materials several

---

[1] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).
[2] At the time he was taken into custody, appellant was imprisoned on unrelated charges.

weeks later. On June 9, 1998, acting pro se, appellant filed a motion for bond. On February 5, 1999, appellant moved to dismiss the indictment against him, citing an alleged denial of his speedy trial rights. A hearing was held on the dismissal motion two weeks later. The trial court denied the motion to dismiss, but granted appellant bond in the amount of $10,000. Bond was posted on March 25, 1999. In May 1999, appellant moved to sever his prosecution from that of his co-defendants, a motion that the State did not oppose.[3]

Co-defendant Thomas also filed a motion to dismiss and a request for discharge and acquittal, in which he, too, alleged a violation of his speedy trial rights. The trial court denied Thomas's motion, and this Court affirmed.[4]

The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial, which attaches at the time of arrest or when formal charges are brought, whichever is earlier.[5] Claimed violations of the right to a speedy trial are evaluated under the balancing test set forth in *Barker v. Wingo*, supra.[6] The *Barker* test, which recognizes that the burden of protecting the right to a speedy trial does not rest solely with an accused,[7] requires that we balance (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant.[8]

As conceded by the State, the 19 months that elapsed between appellant's incarceration and the time he was released on bond is presumptively prejudicial.[9] As for the reasons for the delay, many of them have already been examined by this Court when we considered co-defendant Thomas's appeal from the denial of his motion to dismiss the indictment against him.[10] As explained in the *Thomas* opinion, the delay in commencing the consolidated trial of appellant and his co-defendants must be partially attributed to the fact that co-defendant Thomas's counsel requested "a continuance to the following term of court, six leaves of absence, and that the trial be specially set."[11] Furthermore, counsel filed numerous motions that had to be ruled upon before trial could commence.[12] Thus, to a considerable extent, the delay in bringing appellant to trial was due to the actions

---

[3] The record does not reveal, however, how the trial court ruled on appellant's motion for severance.

[4] *Thomas v. State*, 274 Ga. 492 (555 SE2d 693) (2001).

[5] *Boseman v. State*, 263 Ga. 730, 731 (438 SE2d 626) (1994).

[6] *Nelloms v. State*, 274 Ga. 179 (549 SE2d 381) (2001).

[7] *Jackson v. State*, 272 Ga. 782, 783 (534 SE2d 796) (2000).

[8] *Barker*, 407 U. S. at 530.

[9] *Boseman*, 263 Ga. at 732.

[10] See note 4, supra, and accompanying text.

[11] *Thomas*, 274 Ga. at 494.

[12] Id.

of defense counsel, not the State.[13] Of course, merely because counsel is not " 'diligent in protecting [the] right to a speedy trial is no excuse for the failure of the State to intervene and prevent an egregiously long period of pretrial detention.' "[14] However, we must acknowledge that delay often does work to the advantage of an accused, and thus can be the result of a tactical decision.[15]

We also note that the most recent delay in appellant's trial appears to have once again been due to the scheduling conflicts of co-defendant Thomas's counsel. Only at that point did appellant move for a severance of his trial from that of his co-defendants, and the State did not oppose that motion. Based upon this fact and the facts recounted above, we cannot say that the substantial delay in bringing appellant to trial was the result of any deliberate action on the State's part, though it was negligent. Rather, the delay appears in large part to have been due to the actions of defense counsel. Accordingly, the second *Barker* factor — the reasons for the delay — must be weighed as a "relatively benign" consideration against the State.[16]

The third *Barker* factor — the defendant's assertion of the right to a speedy trial — is weighed heavily against the defendant when it is not asserted.[17] In this matter, appellant first asserted his right to a speedy trial on February 5, 1999 — 18 months after he was taken into custody on the underlying murder charge. Accordingly, this factor must be weighed against appellant.[18]

Regarding the fourth *Barker* factor — prejudice to appellant — there is no evidence that appellant's pre-trial incarceration was oppressive to a degree beyond that which necessarily attends imprisonment.[19] Moreover, within two weeks of appellant's assertion of his speedy trial rights, the trial court ordered him released on a bond with very favorable terms. Nor has appellant established specific anxiety or concern during the 19 months that elapsed between his incarceration and his release from jail on bond.[20] Finally, appellant has not established, and we cannot discern from the record, how his defense might be prejudiced from the delay.[21] While appellant does make a general claim that his ability to locate witnesses has been impaired, he does not identify those witnesses or describe what efforts, if any, he has made to locate them. As for appellant's blanket

---

[13] *Perry v. Mitchell*, 253 Ga. 593, 595 (322 SE2d 273) (1984).
[14] Id.
[15] *Barker*, 407 U. S. at 521.
[16] *Jackson*, 272 Ga. at 784.
[17] *Perry*, 253 Ga. at 595; *Barker*, 407 U. S. at 531.
[18] *Thomas*, 274 Ga. at 495.
[19] *Jackson*, 272 Ga. at 785.
[20] See id.
[21] See id.

assertion that discovery materials were improperly withheld from him, it is not supported by the evidence of record.

Weighing the State's negligent delay in bringing appellant to trial against appellant's failure to timely assert his Sixth Amendment right to a speedy trial and his failure to show that the delay has impaired his defense, we conclude that the trial court did not err in denying appellant's motion to dismiss his indictment.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 10, 2002.

*James R. Dewitt*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys*, for appellee.