## A02A2425. BEASLEY v. THE STATE.
(579 SE2d 19)

MIKELL, Judge.

Earnest Beasley was indicted in 1999 for trafficking in cocaine, possession of cocaine with intent to distribute, and possession of cocaine with intent to distribute within 1,000 feet of a school. Fourteen months after the indictment was returned, Beasley moved for discharge and acquittal, asserting a violation of his constitutional right to a speedy trial. The motion was denied, and this appeal followed.[1] For the reasons set forth below, we affirm.

The record shows that Beasley was arrested pursuant to uniform traffic citations issued on August 12, 1998. His case was bound over to superior court following a hearing on September 9, 1998. The indictment was returned on March 2, 1999. The state filed a demand for discovery on September 17, 1999. No motions were filed by the defense at that time. Defense counsel, Robert A. Meier IV, requested and received a leave of absence for one month, December 15, 1999, through January 15, 2000. On February 9, 2000, Beasley failed to appear in court; his bond was revoked and a bench warrant was issued for his arrest. The bond forfeiture and bench warrant were set aside on April 21, 2000, and the case was placed on the May 12, 2000, trial calendar. Beasley and his counsel announced ready at that calendar call, but the case was not reached. When the case was finally reached on May 18, the parties were directed to report back after lunch for jury selection. After his return, Beasley announced that he wished to discharge Meier and that he had retained his current counsel, Dwight L. Thomas. The trial court permitted Meier to withdraw and set the case down for trial on May 30.

Thomas promptly filed a plethora of pretrial motions, including a demand for reciprocal discovery, a motion to suppress evidence, and a motion for continuance. Counsel bemoaned the fact that he was given only ten days to prepare for a trial involving charges that car-

---

[1] Beasley was granted permission to file an out-of-time appeal after the lower court lost his timely filed notice of appeal.

ried a mandatory minimum sentence of twenty-five years in prison. The trial court denied the defense's request for permission to file out-of-time motions and refused to grant a continuance.

When the case was called at 9:00 a.m. on May 30, Beasley again failed to appear. His bond was revoked at 9:15 a.m. When he finally appeared, Beasley was taken into custody. At that time, defense counsel tendered a motion for discharge and acquittal. In denying the motion, the trial court found that the 14-month delay between indictment and May 2000 was not unreasonable; that Beasley had not been prejudiced by the delay because he had been out on bond; and that he had never filed a statutory demand for speedy trial.

A court must balance four factors to determine whether a defendant's constitutional right to a speedy trial has been denied: (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant.[2] The test recognizes that the burden of protecting the right to a speedy trial does not rest solely with an accused.[3] On appeal, we review the denial of a defendant's constitutional speedy trial claim for abuse of discretion.[4]

a. *The length of the delay.* As a delay approaches one year, it is considered "presumptively prejudicial."[5] "[A]s the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry."[6]

At the outset, we reject Beasley's argument, as well as the trial court's conclusion, that the delay is computed beyond the time attorney Meier requested a leave of absence. During the hearing on the acquittal motion, the trial court noted that when the case first appeared on a trial calendar, attorney Meier sought a continuance from December 15, 1999, to January 15, 2000, due to a family member's illness. Current defense counsel stated that he would not dispute that representation. When the case was called the following month, on February 9, 2000, Beasley failed to appear. As Beasley cannot benefit from the delay caused by his own actions,[7] the delay must be computed from the time of his arrest until the leave of absence began, a total of 16 months. Nevertheless, because the delay

---

[2] *Barker v. Wingo*, 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101) (1972).

[3] *Smith v. State*, 275 Ga. 261, 262 (564 SE2d 441) (2002).

[4] *Jernigan v. State*, 239 Ga. App. 65 (517 SE2d 370) (1999).

[5] *Doggett v. United States*, 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992); accord *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994).

[6] *Doggett*, supra.

[7] See generally *Bolden v. State*, 257 Ga. App. 474, 476 (1) (571 SE2d 393) (2002).

exceeds 12 months, it is deemed presumptively prejudicial, and we consider the remaining factors.

b. *The reason for the delay*. Part of the delay was attributable to routine investigative work. The court found that the report from the state crime lab was not issued until May 1999. Although the prosecutor offered no additional reasons for the delay, there is no evidence of "[a] deliberate attempt to delay the trial in order to hamper the defense. . . ."[8] "Therefore, although the delay attributable to the State is a negative factor, it is relatively benign."[9]

c. *The defendant's assertion of his right to a speedy trial*. Beasley failed to assert his statutory right to a speedy trial, and he did not assert his constitutional right until the morning of trial, after his motion for a continuance was denied and 21 months after he was arrested. "Because a defendant may benefit by delaying a trial, this Court has recognized that a defendant has a responsibility to assert [his] right to a speedy trial."[10] Accordingly, Beasley's "delay in asserting [his] right is a factor we must weigh heavily against [him]."[11]

d. *Prejudice to the defendant*. The test for whether a defendant has been prejudiced requires the court to consider three interests: preventing oppressive pretrial incarceration, minimizing a defendant's anxiety and concern, and limiting the possibility that the defense will be impaired.[12] On appeal, Beasley abandons the first two factors and argues only that his defense has been prejudiced because he is unable to locate an exculpatory witness. However, Beasley admitted during the motion hearing that the witness, a former co-defendant, was unavailable because he was in prison. The trial court correctly noted that the prisoner could be produced to testify. Therefore, Beasley has made no showing of prejudice.[13]

Balancing the four *Barker* factors, we conclude that the trial court did not abuse its discretion in denying Beasley's motion for discharge and acquittal.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 6, 2003 —
RECONSIDERATION DENIED MARCH 6, 2003 —

---

[8] (Punctuation omitted.) *Nelloms v. State*, 274 Ga. 179, 180 (549 SE2d 381) (2001), citing *Barker*, supra at 531.

[9] (Citation and punctuation omitted.) *Jernigan*, supra at 67.

[10] (Citation omitted.) Id.

[11] *Haisman v. State*, 242 Ga. 896, 898 (2) (252 SE2d 397) (1979).

[12] *Thomas v. State*, 233 Ga. App. 224, 225 (2) (504 SE2d 59) (1998).

[13] See, e.g., *Smith*, supra at 263 (defendant failed to delineate efforts he made to locate allegedly essential witnesses).

*Dwight L. Thomas*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher E. Ward, Christopher M. Quinn, Assistant District Attorneys*, for appellee.