A06A2366. MESAROS v. THE STATE.
(641 SE2d 559)

RUFFIN, Judge.

On August 11, 2002, Frank Mesaros was arrested for driving under the influence and failure to maintain a lane while driving. In March 2005, Mesaros moved to dismiss the accusation against him, asserting that the State's failure to try him violated his constitutional right to a speedy trial. The trial court denied the motion, and this appeal ensued. For reasons that follow, we affirm.

The record reveals that, following his arrest, Mesaros initially was represented by Kevin Drummond. In February 2003, however, Drummond withdrew from the case after Mesaros obtained new counsel. In July 2003, Mesaros's new attorney filed a motion to suppress evidence of Mesaros's alleged intoxication. For reasons unknown to us, the trial court waited 17 months before denying the motion.[1]

---

[1] Although the trial court granted Mesaros's petition for immediate review, it is unclear whether Mesaros sought an interlocutory appeal of the trial court's denial of his motion. We also note that the State contended, during the hearing on Mesaros's motion for acquittal, that the

On March 7, 2005, Mesaros moved for discharge and acquittal, alleging a violation of his constitutional right to a speedy trial. At a hearing on the motion, Mesaros testified that he had dined with a co-worker, Josh Finley, shortly before he was arrested for driving under the influence. According to Mesaros, Finley would be able to testify regarding his apparent lack of intoxication. However, Mesaros claimed he could not find Finley, whom he believed joined the military. The State indicated that it was willing to stipulate that Finley would have testified that Mesaros did not have slurred speech, bloodshot eyes, or an odor of alcohol and that he appeared "coherent, understandable, and in full control of his faculties."

Following the hearing, the trial court denied Mesaros's motion. The court found, after balancing the various factors, that Mesaros had been unable to show that his constitutional right to a speedy trial had been violated. Although we find this to be a close case, we agree.

Because Mesaros did not file a statutory demand for speedy trial in accordance with OCGA § 17-7-170, we analyze solely whether the delay in bringing him to trial violated his constitutional right to a speedy trial.[2] In *Barker v. Wingo*,[3] the Supreme Court of the United States identified the four factors that a court must consider in determining whether an accused's constitutional right to a speedy trial has been violated, which include: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. None of these four factors, alone, is dispositive.[4] Rather, "the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant."[5] And, in reviewing a trial court's ruling on a motion to dismiss, we will affirm the ruling absent an abuse of discretion.[6]

First, we consider whether the length of the delay was sufficient to create a presumption of prejudice.[7] "As a general rule, any delay approaching a year raises a threshold presumption of prejudice."[8]

---

case had appeared on at least two trial calendars. However, as Mesaros did not stipulate to this fact and the State tendered no evidence in support of its contention, it is doubtful that this assertion may be considered. See *Bibbins v. State*, 280 Ga. 283, 283-284 (627 SE2d 29) (2006) (court erred in considering argument where parties did not tender evidence to support claim).

[2] See *Jernigan v. State*, 239 Ga. App. 65 (517 SE2d 370) (1999).

[3] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[4] See *Salahuddin v. State*, 277 Ga. 561, 562 (2) (592 SE2d 410) (2004).

[5] Id.

[6] See *Jernigan*, supra.

[7] See *State v. Giddens*, 280 Ga. App. 586, 587 (634 SE2d 526) (2006).

[8] (Punctuation omitted.) *Hardeman v. State*, 280 Ga. App. 168, 169 (1) (633 SE2d 595) (2006).

Here, given that approximately 31 months elapsed between Mesaros's arrest and the appearance of the case on a trial calendar, we can presume the delay prejudiced Mesaros.[9]

Next, we consider the reason for the delay. The most egregious reason for such delay is an intent to delay the trial in order to hamper the defense.[10] Here, however, most of the delay is unexplained, and such unexplained delay is construed against the State.[11] But as there is no suggestion that the State was acting in bad faith in delaying the trial, this factor does not weigh as heavily against the State.[12]

We note that Mesaros did not assert his right to a speedy trial until he filed his motion to dismiss. "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant."[13] Accordingly, Mesaros's delay in asserting his right is weighed against him.[14]

Finally, we consider the prejudice prong. In this regard, there are three interests which the speedy trial right was designed to protect: (a) preventing oppressive pre-trial incarceration; (b) minimizing anxiety and concern of the accused; and (c) limiting the possibility that the defense will be impaired by the delay.[15] Of these, impairment of the defense is the most important.[16]

Here, Mesaros was released on bond within 24 hours of being arrested and thus has not faced oppressive confinement. Mesaros alleges generally that he has suffered anxiety over the protracted criminal matter. As noted by our Supreme Court, "anxiety and concern of the accused . . . is always present to some extent, and thus absent some unusual showing is not likely to be determinative in defendant's favor."[17] And the fact that Mesaros never filed a speedy trial demand "suggests that he was not suffering anxiety or stress from the delay."[18]

The crux of Mesaros's argument is that he is prejudiced by the absence of a favorable witness. "Generally, if a witness dies or

---

[9] See id.; *Frazier v. State*, 277 Ga. App. 881, 882 (a) (627 SE2d 894) (2006).

[10] See *Perry v. Mitchell*, 253 Ga. 593, 594-595 (322 SE2d 273) (1984).

[11] See id.; *State v. Sutton*, 273 Ga. App. 84, 86 (614 SE2d 206) (2005).

[12] See *Perry*, supra; *Nealy v. State*, 246 Ga. App. 752, 754 (542 SE2d 521) (2000).

[13] (Punctuation omitted.) *Frazier*, supra at 882 (c).

[14] See *Sutton*, supra at 87.

[15] See *Salahuddin*, supra at 562 (2).

[16] See id.

[17] (Punctuation omitted.) *Boseman v. State*, 263 Ga. 730, 733 (1) (d) (438 SE2d 626) (1994).

[18] (Punctuation omitted.) *Allen v. State*, 268 Ga. App. 161, 163 (4) (601 SE2d 485) (2004).

disappears during a delay, the prejudice to the defendant is obvious."[19] Here, however, the State is willing to stipulate to Finley's testimony, which alleviates to some degree any prejudice to Mesaros.[20] Most importantly, at the time of his arrest, Mesaros's blood-alcohol content registered over 0.3, which is well over the legal limit.[21] Given such objective evidence of intoxication, the trial court could have concluded that Finley's live testimony would not have greatly assisted Mesaros's defense.[22] "We must keep in mind that juxtaposed against the defendant's right to a speedy trial is society's corresponding right to try the defendant."[23] Under the facts of this case, we cannot say that the trial court abused its discretion in denying Mesaros's motion to dismiss.[24]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 10, 2007 —
RECONSIDERATION DENIED JANUARY 30, 2007 — 

*Allen M. Trapp, Jr.*, for appellant.
*Stephen J. Tuggle, Solicitor-General*, for appellee.

---

[19] *State v. Allgood*, 252 Ga. App. 638, 640 (4) (556 SE2d 857) (2001).
[20] See *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001).
[21] See OCGA § 40-6-391 (a) (5) (establishing legal limit of 0.08).
[22] See *Jernigan*, supra at 68.
[23] Id.
[24] See id.