## 41987. ITT RAYONIER, INC. v. HACK et al.
### (328 SE2d 542)

GREGORY, Justice.

The appellant, ITT Rayonier, Inc., brought this action seeking a declaratory judgment pursuant to OCGA § 44-5-168 against appellees, the executors of the estate of Charles C. Stebbins, Sr. and Bettie Stebbins Walker. The appellant claimed ownership by adverse possession of certain mineral rights. Appellant filed a motion for summary judgment, which the trial court denied. We affirm.

1. In its first enumeration of error appellant contends the trial court erred in denying its motion for summary judgment based on the rules of estoppel by deed and the doctrine of after-acquired title.

The appellant bases its claim upon facts as disclosed by three deeds of conveyance. In January 1945, C. C. Stebbins conveyed to Industrial Mortgage Company by warranty deed all of the mineral rights to several tracts of land in McIntosh County. On June 18, 1945, C. C. Stebbins conveyed to the Southern Kraft Timberland Corporation, appellant's predecessor in title, all of said tract and parcel of land excepting only the mineral rights in his earlier deed to Industrial Mortgage Company noted above. This deed contains the following language: "However, the grantor herein, for the consideration hereinbefore stated, hereby grants, conveys, assigns and transfers to the grantee herein, any and all reversionary rights and interest that he has or may have in and to the minerals conveyed by the foregoing described mineral deed, if any such rights and interests of reversion he has or may have in and to said minerals under said mineral deed." By deed dated June 15, 1948, Industrial Mortgage Company reconveyed all the mineral rights to C. C. Stebbins.

The appellant contends that the rules of estoppel by deed as set forth in OCGA § 44-5-44 and the doctrine of after-acquired title as enunciated in *Todd v. Williford*, 169 Ga. 543 (150 SE 912) (1929) are applicable. We disagree. The essence of these doctrines is that subsequent title is being claimed adversely to the express or implied representation made in the former deed, that such title was being conveyed to the grantee. The deed under which appellant claims in this case makes no representation, express or implied, that C. C. Stebbins had title to any mineral rights. To the contrary, it expressly recognizes and refers to the earlier conveyance of the mineral rights. Nor was any representation made by the reversionary language in the deed since Stebbins claimed no reversionary interest in the mineral rights and merely conveyed "any such rights . . . he has or may have . . . ." Stebbins' interest was acquired by a purchase of the mineral rights three years later which conveyance to him was by warranty deed. Therefore, the doctrines of estoppel by deed and after-acquired title are not applicable.

2. In its second enumeration of error appellant contends the trial court erred in denying its motion for summary judgment based upon adverse possession of the subject mineral rights pursuant to OCGA § 44-5-168. This code section provides in relevant part, "Whenever mineral rights are conveyed or whenever real property is conveyed in fee simple but the mineral rights to such property are reserved by the grantor, the owner of the real property in fee simple or his heirs or assigns may gain title to such mineral rights by adverse possession if the owner of the mineral rights or his heirs or assigns have neither worked nor attempted to work the mineral rights nor paid any taxes on them for a period of seven years since the date of the conveyance and for seven years immediately preceding the filing of the petition provided for in subsection (b) of this code section." The issue presented here is whether appellant's complaint was actually "filed" prior to the time appellees paid taxes on the mineral rights.

The parties stipulated in this case that appellees did not pay taxes on the mineral rights in question during the years 1975 through 1982. However, on July 12, 1983 appellees paid taxes on the mineral rights for the year 1982, and they subsequently paid such taxes for the year 1983. The record shows the appellant's petition was filed June 30, 1983. However, the affidavit of Anne Poppell, Deputy Clerk of the Superior Court of McIntosh County, shows that the appellant's attorney instructed her not to deliver the summons and complaint to the sheriff for service until the appellant gave her further notice. The affidavit further shows that she held the complaint and summons in her office until July 15, 1983, when appellant's counsel instructed her to go ahead and deliver it to the sheriff for service. Appellant argues that notwithstanding his instructions to the deputy clerk, his petition was filed on June 30, 1983, when he delivered it and it was stamped "filed." The trial court ruled, as a matter of law, that the petition was not deemed to be filed until July 15, when appellant's attorney instructed the clerk to forward the petition and summons to the sheriff for service.

In *Jordan v. Bosworth*, 123 Ga. 879 (51 SE 755) (1905), the plaintiff filed a complaint and instructed the clerk "to hold it" in his office until the plaintiff further notified him. The clerk marked the complaint as being filed when it was delivered to him, and a week later, the plaintiff instructed the clerk to deliver the complaint and summons to the sheriff for service. In the meantime, however, the statute of limitations ran on the action. There we held that the complaint was not actually filed until the plaintiff had withdrawn his instructions to the clerk to hold the papers. "A plaintiff cannot hand a petition to the clerk with instructions to make an entry of filing on it and withhold it from service until further instructions, and afterwards contend that the petition was actually filed when the entry of filing

was made." *Jordan v. Bosworth*, supra, p. 881. See also *Roddy v. Hartford Accident &c. Co.*, 65 Ga. App. 632 (16 SE2d 81) (1941). In other words, appellant cannot "have his cake and eat it too." To file is to deliver the document to the clerk for the law to take its course thereafter. Retaining control prevents the law from taking its normal course and delays filing. Although *Jordan v. Bosworth*, supra, was decided prior to the passage of our Civil Practice Act, the case has been cited with approval under the CPA. *Hilton v. Maddox, Bishop, Hayton, Frame &c., Inc.*, 125 Ga. App. 423, 426 (188 SE2d 167) (1972). We find its reasoning controlling in this case. Therefore, the trial court did not err in denying appellant's motion for summary judgment.

3. The appellant's final enumeration of error is not supported by argument or citation of authority in the brief, and is therefore deemed abandoned. See Supreme Court Rule 45, 252 Ga. at p. A-9 (1984).

*Judgment affirmed. All the Justices concur, except Marshall, P. J., and Clarke, J., who dissent.*

DECIDED APRIL 16, 1985 —
REHEARING DENIED MAY 10, 1985.

· *Dubberly & McGovern, B. Daniel Dubberly, Jr.,* for appellant.
*Charles C. Stebbins III,* for appellees.