## A03A0088. THE STATE v. THOMPSON.
## A03A0094. THE STATE v. LEE.
### (584 SE2d 7)

BARNES, Judge.

In both of these cases, the State appeals the trial courts' grant of the defendants' motions to dismiss the accusations because they were not filed within the two-year period of limitations. See OCGA § 17-3-1 (d). In each appeal the issue arose because the previous policy of the clerk of court's office was not to file-stamp accusations when they were filed by the solicitor-general. Because the appeals concern the same issues, we have consolidated them for disposition.

In Case No. A03A0088, *State v. Thompson*, the record shows that Thompson was cited for speeding on April 6, 2000, and the accusation was forwarded by the solicitor-general's office, and received at the clerk of court's office, with the solicitor-general's date stamp showing that the accusation was filed on March 21, 2002. The original accusation, however, had a "whited out" date stamp of March 20, 2002. The computer-generated docket sheet for this case indicates that it was filed on March 21, 2002.

Additionally, the court support manager for the criminal division in the clerk of court's office testified that accusations are received in stacks from the solicitor-general's office with date stamps already on them. The first thing the clerk's office does is ensure that the solicitor-general's office date stamp correctly shows the date the accusations were brought to the clerk's office. If it does, the clerk's office processes the accusation. If the date on the accusation is not that day's date, the clerk noting this discrepancy would line through the date and write the correct date on the accusation.

The trial court found that

> the uncontradicted evidence is that the stamp that was placed on the accusation was placed there by the solicitor's office, and then it was transferred to the clerk's office. And as far as I can tell the first stamp that I could reasonably attribute to the clerk's office is this stamp right here that is definitely placed on there by the clerk's office on the court's file. And this stamp is dated April 26, 2002, which is outside the statute of limitations in this case.
>
> . . .
>
> So inasmuch as the State has not presented sufficient evidence to me to show the accusation was properly filed in this case prior to the two-year statute of limitation, I'm going to grant [Thompson's] motion.

Thus, the charge against Thompson was dismissed.

In Case No. A03A0094, *State v. Lee*, the record shows that Lee was cited for failure to maintain lane and driving under the influence on March 9, 2000. The accusation received in the clerk's office was stamped as filed on February 20, 2002.

At the hearing on Lee's motion to dismiss, the chief deputy clerk for the criminal division testified that she oversees the filing of accusations in the clerk's office. She testified that the date stamped on the accusations against Lee is the date the accusations were deemed to be filed in the clerk of court's office. She also testified about the procedures used in the clerk's office, which were the same as those described above regarding the filing of Thompson's accusations. Thus, she deemed that the accusations against Lee were filed on February 20, 2002, the date stamped on the face of the accusations. The clerk who actually processed the accusations against Lee testified that the date shown on the accusations, February 20, 2002, was the actual date the accusations were received by the clerk's office.

The trial court concluded, however, that the State had not proved beyond a reasonable doubt that the accusations were filed within the period of limitations and dismissed the accusations.

Because we find that the evidence shows that the accusations in these cases were received and filed on the dates shown on the face of the accusations, we must reverse the orders of the trial courts and remand the cases for further proceedings.

1. When the trial court rules as a matter of law and not fact, the issue for review is whether the trial court made a plain legal error. *American Bldgs. Co. v. Pascoe Bldg. Systems*, 260 Ga. 346, 348 (1) (392 SE2d 860) (1990); *Uni-worth Enterprises v. Wilson*, 244 Ga. 636, 640 (2) (261 SE2d 572) (1979); *Astin v. Carden*, 194 Ga. 758, 764 (2) (22 SE2d 481) (1942). On mixed questions of fact and law, however, an appellate court accepts the trial court's findings on disputed facts and witness credibility unless they are clearly erroneous, but independently applies the law to the facts. *Morrow v. State*, 272 Ga. 691, 693 (1) (532 SE2d 78) (2000).

2. In these appeals, we find that the trial courts' findings of fact on when the accusations were filed are clearly erroneous. The evidence plainly shows that the accusations in these cases were filed on March 21, 2002, and February 20, 2002, respectively. "A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file, and a certificate of the clerk, entered upon the paper at the time it is filed is the best evidence of such filing." (Citation and punctuation omitted.) *Bailey v. Bonaparte*, 125 Ga. App. 512, 514 (188 SE2d 119) (1972). Thus, a document is considered filed when it is delivered to and received by the proper official to be kept on file. *Valentine v. Hammill*, 258 Ga. 582 (372 SE2d 435)

(1988). Here, the clerk's office accepted the accusations in both cases to be kept on file, and, thus, the accusations were filed at that time. Id. "To file is to deliver the document to the clerk for the law to take its course thereafter." *ITT Rayonier, Inc. v. Hack*, 254 Ga. 324, 326 (2) (328 SE2d 542) (1985). The accusations in these appeals were placed in the clerk's office and under his charge on the date stamped on them. Thus, they were filed on that date. *Barnes v. Justis*, 223 Ga. App. 671, 672 (478 SE2d 402) (1996).

In both appeals the trial courts have focused on "evidence of filing" rather than "filing." The uncontradicted evidence, including the dates stamped on the face of the accusations, shows that the accusations were filed when they were received by the clerk's office to be kept on file on the dates that were stamped on the face of the accusations. Therefore, whether the accusations were stamped by the solicitor-general's office or the clerk's office or entered in the computer system is not relevant. We find nothing in *Hayek v. State*, 269 Ga. 728 (506 SE2d 372) (1998), that requires a different result.

Even though one might argue that allowing the solicitor-general's office to stamp the filing date on the accusations could allow someone inclined to manipulate the process to put a false filing date on an accusation, in these cases no evidence suggests that this was done. Further, the evidence establishes that the clerk's office checked the date stamped by the solicitor-general's office. Finally, in the absence of a showing to the contrary, our law presumes that public officials perform their duties lawfully and in good faith. *Hudson v. State*, 185 Ga. App. 508 (1) (364 SE2d 635) (1988); *York v. Miller*, 168 Ga. App. 849, 850 (310 SE2d 577) (1983).

Accordingly, the judgments of the trial court must be reversed and the cases remanded to the trial courts for further proceedings.

*Judgments reversed and cases remanded. Andrews, P. J., and Adams, J., concur.*

DECIDED MAY 21, 2003 —
RECONSIDERATION DENIED JUNE 20, 2003 — ▮▮▮▮▮▮▮

*Carmen D. Smith, Solicitor-General, Teri L. Brown, Jody L. Peskin, Andrea L. Thomas, Assistant Solicitors-General*, for appellant.

*Belli, Weil, Grozbean & Davis, Wayne S. Tartline, Douglas J. Davis*, for appellee (case no. A03A0088).

*J. Guy Sharpe, Jr.*, for appellee (case no. A03A0094).