## A04A0636. ALLEN v. THE STATE.
(601 SE2d 485)

BARNES, Judge.

Frederick Jackson Allen appeals the trial court's denial of his motion for discharge and acquittal based on a violation of his right to a speedy trial. For the reasons that follow, we affirm.

Allen was arrested on July 1, 2000, for driving under the influence after he ran into the back of a car stopped in front of him and then hit a car head-on in the oncoming lane. He was given an alco-sensor test, the results of which were not recorded, and the arresting officer took him to the police station for a breath test. The breath test could not be completed due to an unknown interferent, so the officer took Allen to the hospital to have blood drawn for a blood test. The officer delivered the blood sample to the evidence room, where it was subsequently destroyed before it was tested. On March 20, 2002, the State filed its accusation against Allen, charging him with driving under the influence with a blood alcohol level over the legal limit and as a less safe driver, two counts of child endangerment by driving under the influence, and one count of following too closely.

On June 18, 2002, Allen waived arraignment, pled not guilty, and filed standard motions for discovery, for a copy of any scientific reports, and for any exculpatory material. The State responded on July 19, 2002, with several documents, but noted that no scientific reports were known to exist. On August 12, 2002, Allen filed a plea in bar, arguing that no accusation had been filed within two years of his arrest and that the two-year statute of limitation on misdemeanors had run. According to the State, the trial court then placed the case on hold pending the outcome on appeal of cases with similar claims, which this court decided in *State v. Thompson*, 261 Ga. App. 828 (584 SE2d 7) (2003), issued on May 21, 2003.

The issue addressed in *Thompson*, whether an accusation was filed within two years of the misdemeanor offense, arose because the previous policy of the clerk of court's office was not to file-stamp accusations when they were filed by the solicitor-general. Instead, accusations were date-stamped by the solicitor, and if the date on the accusation was not that day's date, the clerk noting this discrepancy would line through the date and write the correct date on the accusation. We held that the accusations were filed when the clerk's office accepted them for filing, and whether the accusations were stamped by the solicitor-general's office or the clerk's office was not relevant. Id. at 830.

On June 27, 2003, the State filed a notice of its intent to present evidence of two similar transactions in this case. On July 10, 2003, the day of trial, Allen filed his motion for discharge and acquittal. During

a hearing on the motion, the State argued that it would not prosecute the charge of driving under the influence with a blood alcohol level over 0.10 and only try Allen for driving under the influence while less safe. The trial court denied the motion, and Allen brought this direct appeal.

Allen asserts that the trial court erred in denying his motion for discharge and acquittal due to a violation of his right to a speedy trial, arguing that he was unfairly prejudiced by the 36-month delay between his arrest and trial because the State had lost his blood sample. "A speedy trial is guaranteed an accused by the Sixth Amendment . . . to the Constitution of the United States, and also [Art. I, Sec. I, Par. XI (a) of the 1983 Ga. Constitution]." *Powell v. State*, 143 Ga. App. 684, 685 (1) (239 SE2d 560) (1977). These rights attach either upon arrest or when formal charges are brought, whichever is earlier. *Haisman v. State*, 242 Ga. 896, 897 (252 SE2d 397) (1979). In determining whether a delay violates a defendant's constitutional right to a speedy trial, we consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the assertion of the right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101) (1972). After listing these considerations, the Supreme Court cautioned,

> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.

(Footnote omitted.) Id. at 533 (IV). We will confirm the trial court's decision absent an abuse of discretion. *Snow v. State*, 229 Ga. App. 532, 533 (494 SE2d 309) (1997).

1. The first factor, length of delay, "is to some extent a triggering mechanism." *Barker v. Wingo*, supra, 407 U. S. at 530 (IV). Until a presumptively prejudicial delay has occurred, we do not consider the other factors. "As the delay approaches one year it generally is presumptively prejudicial." (Citation and punctuation omitted.) *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994). In this case, a simple DUI, a three-year delay is presumptively prejudicial.

2. We then consider the reason for the delay. Allen filed his plea in bar on August 12, 2002, and the trial court stayed the proceedings

until this court ruled on an issue similar to Allen's in *State v. Thompson*, supra, 261 Ga. App. 828. Additionally, Allen's counsel had leaves of absence for one week each in January, February, April, May, and June 2003, during which the State would not have been able to try Allen. After this court's ruling on May 21, 2003, Allen's case was placed on the July 2003 trial calendar. The 11-month delay following Allen's plea in bar is not attributable to any action by the State, but instead was triggered by Allen's plea. The 21-month delay between the arrest and the accusation, however, is unexplained, and thus must be weighed against the State. *Brown v. State*, 264 Ga. 803, 805 (2) (450 SE2d 821) (1994).

3. As to the third factor, Allen never asserted his statutory (OCGA § 17-7-171) or his constitutional right to a speedy trial for the 36 months between his arrest and the filing of his motion for discharge and acquittal, which he filed on the morning his case was set for trial. Therefore this factor must be weighed against Allen. *Brown v. State*, supra, 264 Ga. at 805 (2).

4. The last factor to consider is whether Allen has suffered any prejudice as a result of the delay, particularly as a result of the initial 21-month delay between his arrest and the filing of the accusation. In weighing this factor, we consider whether the defendant has been prejudiced by oppressive pretrial incarceration, by anxiety caused by the delay, and by impairment of his case by the passage of time. *Daughenbaugh v. State*, 225 Ga. App. 7, 9-10 (482 SE2d 517) (1997). Allen has not been incarcerated for this offense. The fact that Allen "never filed a demand for a speedy trial suggests that [he] was not suffering anxiety or stress from the delay," (citation omitted) *Jernigan v. State*, 239 Ga. App. 65, 67 (517 SE2d 370) (1999), at least not such anxiety that he wanted to get the trial over with. In fact, as noted in our discussion of the reason for the delay, Allen filed the plea in bar that delayed his trial for almost a year.

The last and most important consideration in weighing whether Allen was prejudiced from the delay is whether the delay impaired his defense. *Thomas v. State*, 233 Ga. App. 224, 226 (2) (504 SE2d 59) (1998). He contends that the delay severely impaired his defense, because during that delay the State lost his blood sample. The lost sample is tantamount to the loss of a favorable witness, he argues, and is particularly significant because the evidence that would prove the remaining charge of driving under the influence while less safe is entirely circumstantial.

Although Allen may be disadvantaged by the loss of the blood sample, the State may also be disadvantaged. No one knows whether the sample would have exonerated Allen or proved the case against him. Further, Allen knew in July 2002 that the State had no scientific reports to provide in response to Allen's discovery demands. "Under

the circumstances, it is not unreasonable to conclude that [Allen] elected to sit on the information and take [his] chances that the protracted delay would inure to [his] benefit." *Brannen v. State*, 274 Ga. 454, 458 (553 SE2d 813) (2001).

We weigh the relative prejudice resulting from the missing evidence against Allen's decision not to demand a speedy trial, perhaps with the expectation that the State's case would weaken. In response to the missing evidence, the State has agreed not to proceed on the count of driving with a blood alcohol level over 0.10 and only try Allen on the less safe count. "We do not condone the delay occasioned here. But each case must be reviewed on its own facts, and balancing all the *Barker* factors, we conclude that the trial court did not err in denying" Allen's motion for discharge and acquittal. *Brannen v. State*, supra, 274 Ga. at 458.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 28, 2004.

*Morriss, Lober & Dobson, Bruce F. Morriss, Daniel Shim*, for appellant.

*Carmen D. Smith, Solicitor-General, Jill N. Meekins, Jody L. Peskin, Assistant Solicitors-General*, for appellee.