## A05A0360. CHAPPELL v. THE STATE.
(611 SE2d 157)

MILLER, Judge.

Nearly four years after her arrest for driving under the influence (DUI), Debra Chappell brought this plea in bar asserting that the State's failure to bring the case to trial in a timely way deprived her of her constitutional right to a speedy trial. After a hearing, the trial court denied her plea. We find no error and affirm.

The evidence shows that Chappell was arrested for DUI, marijuana possession, and other charges on December 30, 1999. She was released on bond the next day. The action was bound over to Fulton County State Court the following February, but the State did not file its accusations until September 2001, more than 20 months after the arrest. Chappell waived formal arraignment on May 1, 2002, and trial was scheduled for September 10 of that year. On August 6, the State responded to Chappell's discovery requests and filed a notice of its intent to present evidence of similar transactions at trial.

Three days later, Chappell filed a motion to dismiss in which she asserted her right to a speedy trial for the first time. The same motion also argued for dismissal on the ground that the State had not filed its accusations within the two-year statute of limitation because the accusations had never been stamped with a clerk's date stamp. Soon afterward, the State requested and was granted a continuance in order to respond to Chappell's motion. The case was again postponed pending the outcome of *State v. Thompson*, 261 Ga. App. 828 (584 SE2d 7) (2003). In that case, decided in May 2003, this Court rejected the same statute-of-limitation argument Chappell had asserted in her

motion to dismiss. Id. at 829-830 (2). On September 4, 2003, noting the outcome in *Thompson*, the trial court denied Chappell's motion and returned the case to the trial calendar. Chappell filed her plea in bar later that month. After a hearing, the trial court denied the plea, finding that Chappell had not shown prejudice as a result of the delay.

Chappell contends that the trial court erred in denying her pre-trial plea in bar. We disagree.

The Supreme Court of Georgia has held that the single issue posed by an appeal from a pre-trial ruling on a plea in bar is "whether the trial court abused its discretion in balancing the four factors" set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). The four factors are

> (1) the length of the delay; (2) the reason for the delay and whether this is attributable to the defendant or the state; (3) the timeliness of the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant.

(Citations and punctuation omitted.) *State v. Johnson*, 274 Ga. 511, 512 (555 SE2d 710) (2001). "Absent an abuse of discretion, the decision of the trial court must be affirmed." (Citations and punctuation omitted.) Id.

As the trial court held, the delay of more than thirty months from Chappell's arrest to her first assertion of her right to a speedy trial raises a threshold presumption that the State's delay was prejudicial, triggering an analysis of the remaining three factors of the *Barker* test. See *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997) (21 months raises threshold presumption of prejudice); *Brown v. State*, 264 Ga. 803, 804 (2) (450 SE2d 821) (1994) (27 months).

As to the second factor, the State is incontestably at fault for the delay between Chappell's arrest and the bringing of the indictments against her. There is nothing in the record, however, to suggest that this first and most serious delay was the result of bad faith. On the contrary, the State testified at the hearing that the Fulton County State Court had recently suffered a large increase in cases, and that bond cases were often pushed back in order to accommodate incarcerated defendants who could not make bond. From the time the indictments were filed, moreover, the State moved with reasonable promptness.

Chappell filed her motion to dismiss three days after the State responded to her discovery and gave notice of its intent to introduce Chappell's previous DUI conviction, and only weeks before the September 2002 trial date. The court's order denying that motion noted that it had "consider[ed] the entire record," implicitly including all the circumstances of the delay to that date, and returned the case to

the trial calendar nonetheless. Moreover, as the trial court noted at the hearing on the plea in bar, its postponement of the case had accommodated both parties' interests in avoiding a trial if the State's indictments had not been timely filed. As a whole, then, we cannot say that the trial court abused its discretion when it found the State only "nominally" at fault for the delay. See *Johnson*, supra, 268 Ga. at 417-418 (2) (in absence of evidence that the State intentionally stalled bringing case to trial, delay is "relatively benign").

As to the third factor, the trial court found that Chappell asserted her right to a speedy trial for the first time "in this motion," presumably referring to the plea in bar. This is incorrect, since Chappell first raised the issue in her motion to dismiss. However, the trial court was nonetheless correct when it found that this factor weighs against Chappell, since she did not file that motion until just before the trial scheduled for September 2002, 11 months after indictment, and just after the State indicated its readiness to proceed by responding to her discovery request and giving notice of its intent to introduce evidence of similar transactions. Indeed, as the State points out, Chappell could have asserted this right and requested a speedy trial at any time after her counsel appeared in the case, the entry for which was filed shortly after the accusations. See *Roundtree v. State*, 192 Ga. App. 803, 804 (1) (c) (386 SE2d 548) (1989) (failure to request placement on trial calendar "weighs heavily against" defendant); compare *Johnson*, supra, 274 Ga. at 513 (3) (where defendant not aware of indictment for six years, delay in invoking right weighs "no more than slightly" against defendant).

The prejudice created by the delay is the fourth and final factor in our analysis, in which we consider three interests: "(i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired." (Citation and punctuation omitted.) *Johnson*, supra, 274 Ga. at 513 (4). Since Chappell was released on bond the day after her arrest, the first of these subfactors has no bearing here. Likewise, though Chappell makes much of the anxiety she feels about the charges hanging over her, we find such claims unpersuasive in light of her conviction for DUI on January 21, 2000, only three weeks after her release on bond in this case. Finally, though Chappell asserted at the hearing below that the death of her investigator had prejudiced her case, she has chosen not to repeat that assertion on appeal, arguing only that her own failing memory will make it more difficult for her to defend the case, and providing no citations to the record in support of the contention. This is plainly insufficient as a showing that Chappell has suffered actual harm as a result of the delay. See *Johnson*, supra, 268 Ga. at 418 (2) (in absence of evidence

4

that possible exculpatory witnesses were lost as result of delay, factor weighs against defendant).

Taking these factors together, then, we cannot say that the trial court abused its discretion when it denied Chappell's plea in bar.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 3, 2005.

*Sexton & Morris, Lee Sexton,* for appellant.

*Carmen D. Smith, Solicitor-General, Jody L. Peskin, Jodi L. Harter, Assistant Solicitors-General,* for appellee.