## A05A1453. BASS v. THE STATE.
(620 SE2d 184)

MILLER, Judge.

Almost five years after his arrest, James Lloyd Bass filed a plea in bar asking the trial court to dismiss an accusation of driving under the influence because the state had denied his constitutional right to a speedy trial. The trial court denied the motion, and Bass appeals. We discern no error and affirm.

Evidence adduced at the motion hearing shows that on the evening of March 29, 2000, a state trooper saw a car swerve over the centerline three times. After initiating a traffic stop, the trooper found the driver, Bass, to be unsteady on his feet and smelling of alcohol. The trooper placed Bass under arrest for driving under the influence, and obtained a blood sample. The test results showed a blood-alcohol content of 0.11 grams per 100 ml.

On October 5, 2000, Bass appeared before the Probate Court of Fannin County and demanded a jury trial. The probate court transferred the case to the superior court. On November 20, 2000, the district attorney filed an accusation against Bass for driving under the influence, failure to maintain lane, and possession of an open container of alcohol while operating a vehicle. Bass was arraigned on November 27, 2000, at which time he pled not guilty and demanded a jury trial.

In April 2003, the district attorney's office recused itself from prosecuting Bass. On September 2, 2004, the district attorney wrote to the Counsel to the Attorney General and asked that a prosecutor be appointed to handle Bass's case. Approximately three weeks later, the judge who had been assigned the case also recused himself. On

October 12, 2004, a new judge was assigned to hear the case. A prosecutor was appointed the next day. On December 31, 2004, Bass filed a plea in bar claiming the state had denied him his right to a speedy trial. The trial court heard the motion at an evidentiary hearing on January 10 and 11, 2005, and denied the plea. This appeal followed.

On appeal from a pre-trial ruling on a defendant's plea in bar, the sole issue is whether the trial court abused its discretion in balancing the four factors set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). These factors are "(1) the length of the delay; (2) the reason for the delay and whether this is attributable to the defendant or the state; (3) the timeliness of the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant." (Citation and punctuation omitted.) *State v. Johnson*, 274 Ga. 511, 512 (555 SE2d 710) (2001). The trial court's decision must be affirmed absent an abuse of discretion. Id.

1. Bass's trial was delayed four years and nine months from the date of arrest to the motion hearing date, and the trial court concluded that the delay raised a presumption of prejudice. Given the length of the delay, the trial court was authorized to presume prejudice. See *Doggett v. United States*, 505 U. S. 647, 652 (II), n. 1 (112 SC 2686, 120 LE2d 520) (1992) (noting that lower courts generally find delay of a year presumptively prejudicial). Thus the trial court was required to analyze the remaining three *Barker* factors, with the length of the delay also factored into the consideration of prejudice to the defendant. *Johnson*, supra, 274 Ga. at 512 (1).

2. The trial court concluded that the parties were equally responsible for the delay. The case was a difficult one to bring to trial because Bass was a busy local defense attorney, and the prosecutor would not consider bringing Bass's case to trial in any week in which the prosecutor was trying a case against Bass. Bass's counsel was also married to one of only two judges sitting in the judicial circuit where Bass was to be tried, which required the case to be tried by the remaining judge.

The district attorney testified that Bass's case was on a priority calendar for June 2002, and the state was ready to go forward with trial, but defense counsel asked for a continuance, which was granted. After that time, the case was delayed by an incapacitating injury to the district attorney and the subsequent recusal of both the district attorney's office and the first judge assigned to hear the case. Based on our review of the evidence, we conclude that the trial court was authorized to find the parties equally responsible for the delay in bringing the case to trial.

3. It is evident from the record that the defense did not raise the issue of a speedy trial until it appeared certain the case would be

tried. The trial court noted Bass's failure previously to assert his right to a speedy trial and defense counsel's statement to the effect that he was not going to push the matter. As defense counsel testified, "I never lose one that I don't try." Thus the third factor in the *Barker* analysis weighs against the defendant. "[W]hile the state has a duty to bring [the defendant] to speedy trial, the defendant has a responsibility to assert that right." *State v. Lively*, 155 Ga. App. 402, 405 (270 SE2d 812) (1980); see also *Collingsworth v. State*, 224 Ga. App. 363, 366 (1) (480 SE2d 370) (1997) (balancing test is highly subjective because the defendant has a responsibility to assert a speedy trial claim and may have a potential interest in delaying any trial).

4. "The prejudice created by the delay is the fourth and final factor in our analysis, in which we consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired." (Citation and punctuation omitted.) *Chappell v. State*, 272 Ga. App. 1, 3 (611 SE2d 157) (2005). As there was no pre-trial incarceration, the trial court found that it was not an issue. The trial court also noted that Bass had not testified that he suffered from any undue anxiety or concern. *Mullinax v. State*, 273 Ga. 756, 759 (2) (545 SE2d 891) (2001) (absent some unusual showing, anxiety or concern are not likely to be determinative in defendant's favor).

Bass was required to show specific evidence of the manner in which his defense was impaired, which is the most important component of the prejudice analysis. *Mullinax*, supra, 273 Ga. at 759 (2). He contends that the delay led to the destruction of his blood sample and the loss of the analytical file containing the data used by the state crime lab to generate the blood-alcohol test results, thus preventing the defense from using that data to refute the results. The chemist who conducted Bass's blood-alcohol test admitted that the analytical file had been destroyed notwithstanding lab policy requiring the files to be retained "indefinitely." She also testified the blood sample had been destroyed, although it was not shown that this was in violation of lab policy. The chemist further indicated that in order for a defense expert to review Bass's test results properly, she would need to have access to the "raw data," including the original chromatograph and controls.

Notwithstanding the foregoing, the trial court concluded that the possibility of impairment to the defense did not warrant dismissal. The trial court noted that all witnesses required for trial, including the chemist, were still available. The trial court further found that the defense had waited over four years to request the lab records and other data documents and the state did nothing to keep them from getting these documents. Specifically, the chemist testified that the analytical data is "probably still on the instrument" in electronic form

and could be regenerated despite the destruction of the paper file. Moreover, although the blood sample was lost, there is no evidence it was destroyed by the lab in bad faith as opposed to in the due course of lab operations. See, e.g., *Shoemake v. State*, 266 Ga. App. 342, 343 (1) (596 SE2d 805) (2004).

The delay in bringing this case to trial presents a risk of impairment to Bass's defense, but this factor alone did not demand the case be dismissed. See *Boseman v. State*, 263 Ga. 730, 734 (1) (d) (438 SE2d 626) (1994). Each *Barker* factor must be considered in "a balancing test of the conduct of the prosecution and the defendant." (Citation omitted.) Id. at 731 (1). "We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker v. Wingo*, supra, 407 U. S. at 532 (IV). Given that the parties were equally culpable for the delay in bringing the case to trial, but that Bass must shoulder the responsibility for the failure to timely assert his right to a speedy trial, we cannot say the trial court abused its discretion in denying Bass's plea in bar.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 8, 2005 —
RECONSIDERATION DENIED AUGUST 30, 2005 — 

*Ansell T. Maund III*, for appellant.

*Thurbert E. Baker, Attorney General, Roger G. Queen, District Attorney, Fay I. McCormack*, for appellee.