### A09A2144. THE STATE v. NAGBE.
(691 SE2d 593)

DOYLE, Judge.

The State appeals the trial court's order granting Mai Nagbe's plea in bar for violation of her Sixth Amendment right to a speedy trial. Considering the length of the delay, the State's lack of an explanation for the delay, and the death of Nagbe's material exculpatory witness during the pendency of the case, we find no abuse of discretion and affirm.

The record shows that Nagbe was arrested and jailed on May 10, 2007, and subsequently indicted on May 18, 2007, on charges of false imprisonment, cruelty to a person 65 years of age or older, and battery. She was released on bond on May 25, 2007. Nagbe was

---

[22] Supra.
[23] See id. at 594.
[24] Id.

arraigned in Fulton County Superior Court before Judge Manis on July 13, 2007, and appeared at a case management hearing on August 14, 2007, and a final plea calendar on September 19, 2007. Nagbe pled not guilty, and her counsel asked Judge Manis to try the case before she retired and took senior status. Nagbe was subsequently ordered to appear before Judge Westmoreland and then Judge Arrington, who, on February 20, 2009, ordered that the case be transferred to Judge Baxter. On February 23, 2009, Nagbe filed a plea in bar and motion for absolute dissolution. Following a hearing on March 12, 2009, the trial court granted the motion.

At issue is whether the trial court abused its discretion in applying the factors set forth in *Barker v. Wingo*.[1] This is a four-part test

> which requires that we consider: (1) the length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right; and (4) the prejudice to the defendant. Standing alone, none of these factors [is] a necessary, or sufficient condition to a finding of deprivation of the right to a speedy trial, but rather should be considered as part of a balancing test.[2]

"These factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process."[3]

1. *Length of delay.* The trial court is required to engage in the balancing process if the defendant shows that the delay following her arrest or indictment is "presumptively prejudicial."[4] There is no bright line test, as "the length of delay that will provoke the inquiry into the other factors is necessarily dependent upon the peculiar circumstances of the case."[5] However, "[d]epending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year."[6] The State concedes that the approximately 22-month pre-trial delay in this case was sufficient to trigger *Barker* analysis. Accordingly, "the remaining *Barker* factors must be considered in conjunction

---

[1] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). See *State v. Johnson*, 274 Ga. 511, 512 (555 SE2d 710) (2001).

[2] (Citation omitted.) *Layman v. State*, 284 Ga. 83, 84 (663 SE2d 169) (2008).

[3] (Citation and punctuation omitted.) *Johnson*, 274 Ga. at 512.

[4] See *Wimberly v. State*, 279 Ga. 65, 66 (608 SE2d 625) (2005).

[5] (Punctuation omitted.) Id. at 66.

[6] *Doggett v. United States*, 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992). See *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994) (27-month delay raised presumption of prejudice). Compare *Wimberly*, 279 Ga. at 67 (38-month delay not presumptively prejudicial in death penalty case involving multiple defendants).

with" the length of the delay.[7]

2. *Reasons for the delay*. The trial court found the reason for the pre-trial delay to be unexplained and not attributable to the defense, and this conclusion is supported by the record. Although the case passed through four different judges, this is not itself a valid explanation for the delay, such as a missing witness.[8] "Where no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial."[9] On the other hand, "there is nothing evidencing that most serious abuse — [a] deliberate attempt to delay the trial in order to hamper the defense."[10] Accordingly, this factor weighed against the State, but not heavily.[11]

3. *Assertion of right*. "Because a defendant may benefit by delaying a trial, this Court has recognized that a defendant has a responsibility to assert [her] right to a speedy trial."[12] The trial court found that Nagbe's assertion of her right to a speedy trial was "sufficient" under the circumstances of the case because she asked for the case to be set down for a trial in 2007 and consistently maintained her not guilty plea and readiness for trial.

The State argues that Nagbe's counsel's oral request for a trial was not an assertion of her right to a speedy trial and that Nagbe waived her right to a speedy trial by agreeing to a scheduling order and opting into discovery. We conclude that Nagbe did not sufficiently raise the issue of her right to a speedy trial until she asked that its prosecution be barred on that ground. A request for a jury trial is not the assertion of the right to a speedy trial.[13] Further, no written motion for a speedy trial appears in the record. During the plea in bar hearing, defense counsel proffered that he had asked Judge Manis to try the case before she retired and stated in his place that "we did ask . . . that this case be tried back in 2007." This oral request for accommodation by the trial court did not purport to include a specific invocation of Nagbe's constitutional or statutory right to a speedy trial.[14] Although Nagbe need not have requested a

---

[7] *Bowling v. State*, 285 Ga. 43, 45 (1) (a) (673 SE2d 194) (2009).

[8] See *Nelloms v. State*, 274 Ga. 179, 180 (549 SE2d 381) (2001).

[9] *Boseman*, 263 Ga. at 733 (1) (b).

[10] (Punctuation omitted.) *Nelloms*, 274 Ga. at 180.

[11] See *Barker*, 407 U. S. at 531 (IV) ("negligence . . . should be weighed less heavily" against the State).

[12] (Punctuation omitted.) *Hester v. State*, 268 Ga. App. 94, 98 (3) (601 SE2d 456) (2004).

[13] See *State v. Story*, 209 Ga. App. 404, 406 (433 SE2d 599) (1993).

[14] See *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001) (objections to continuance and statements that the defendant was ready for trial were not assertion of the right to a speedy trial); *Jackson v. State*, 272 Ga. 782, 785 (534 SE2d 796) (2000) (defendant's failure to specifically assert Sixth Amendment claim for two years weighed against him).

speedy trial through an actual motion, the communication was not made "concretely enough for purposes of the third *Barker-Doggett* factor."[15] As Nagbe did not "formally raise either [her] statutory or constitutional right to a speedy trial until . . . [she] filed a [plea in bar]," the delay must be weighed against her.[16] It follows that since Nagbe did not make an earlier request for a speedy trial she did not later waive that request as the State alleges.[17] Further, "the filing of a speedy trial demand is not a prerequisite to a plea in bar for failure to have a speedy trial on constitutional grounds."[18]

4. *Prejudice to defendant.* Whether the defendant has been prejudiced by the delay requires consideration of three interests: the prevention of oppressive pre-trial incarceration, minimizing the defendant's anxiety and concern, and limiting impairment of the defense's case.[19] "The most important component of the prejudice analysis is whether the defendant's ability to raise a defense was impaired by the delay."[20]

The alleged victim died during the pendency of the case.[21] An investigator interviewed the alleged victim before her death, and the defense introduced a videotape of that interview at the hearing to show that the victim denied being harmed by Nagbe. The trial court found that the defense case "is prejudiced by the fact that the alleged victim is no longer available to testify on the Defendant's behalf that the Defendant did not harm her as alleged in the indictment." The State argues that Nagbe was not prejudiced by the death of the victim because the victim suffered from Alzheimer's disease and other illnesses and that she "probably" would have been incompe-

---

[15] *Ruffin v. State*, 284 Ga. 52, 63 (2) (b) (iii) (663 SE2d 189) (2008).

[16] *Scandrett v. State*, 279 Ga. 632, 635 (1) (c) (619 SE2d 603) (2005).

[17] *Spencer v. State*, 259 Ga. App. 664, 665-666 (577 SE2d 817) (2003), relied on by the State, does not address waiver in context of the constitutional right to a speedy trial.

[18] *State v. Allgood*, 252 Ga. App. 638, 640 (3) (556 SE2d 857) (2001). See *Hassel v. State*, 284 Ga. 861, 862 (c) (672 SE2d 627) (2009).

[19] See *Beasley v. State*, 260 Ga. App. 74, 76 (d) (579 SE2d 19) (2003).

[20] *Nusser v. State*, 275 Ga. App. 896, 900 (622 SE2d 105) (2005).

[21] The alleged victim's daughter also died during the pendency of the case. The trial court accepted defense counsel's proffer that the daughter would have testified as a character witness on Nagbe's behalf. The State claims that the trial court erred in finding Nagbe's defense impaired by the loss of the daughter because she was not shown to have had knowledge either of Nagbe's reputation in the community and because she was not proffered as a witness to the alleged abuse. Since Nagbe proffered the daughter as a character witness, the prejudice to the defense caused by the daughter's death was not significant. See *Daughenbaugh v. State*, 225 Ga. App. 7, 10 (482 SE2d 517) (1997) (although defense claims loss of two character witnesses through passage of time, the prejudice to the defense was "minimal"). Accepting, without deciding, that the State is correct that the trial court erred in accepting the daughter as a character witness without any proffer that she was knowledgeable of Nagbe's reputation in the community, this does not change the actual prejudice to Nagbe's case caused by the death of the alleged victim.

tent to testify at trial, and because the State stipulated at the hearing that the videotape of the interview would be admissible at trial.

"If witnesses die or disappear during a delay, the prejudice is obvious."[22] The State's claim that the victim would "probably" have been incompetent to testify at trial is simply speculation.[23] Nor was the trial court required to conclude that because the State stipulated that the videotape would be admissible at trial that the prejudice to the defense was significantly alleviated.[24] Without the testimony of the alleged victim, the defense was left with an unsworn, three-minute videotape secured by an investigator.[25] The setting and scope of the videotape interview was not reasonably equivalent to trial testimony by a primary witness. Further, the videotape would not have the same "impact upon the jury of the testimony of the lost witness[, which] depended largely on that witness's credibility and demeanor while testifying."[26] We conclude that the trial court was not required to accept the State's stipulation as a sufficient substitute for the loss of the alleged victim's trial testimony.

5. *Balancing the factors.* Although we cannot agree with the trial court that Nagbe "sufficiently" asked for a speedy trial, Nagbe was not responsible for her case being assigned to four different judges, and her conduct in asking that the case be set for trial before Judge Manis's retirement was inconsistent with a desire to delay the trial. We cannot conclude that Nagbe's failure to request a speedy trial, standing alone, weighed so heavily against Nagbe as to require the denial of her motion.[27] Rather, considering the length of the delay, the lack of a reason for the delay, and the impairment to the defense caused by the death of a material exculpatory witness, we conclude

---

[22] *Barker*, 407 U. S. at 532.

[23] See generally *Dorsey v. State*, 206 Ga. App. 709, 713 (3) (426 SE2d 224) (1992) ("a mental disease does not necessarily render a witness incompetent to testify[;] [e]veryone is presumed competent to testify") (punctuation omitted). Our review of the videotape shows that it was sufficient to support Nagbe's contention that the alleged victim would have testified that she had not been harmed by Nagbe.

[24] Compare *Brannen*, 274 Ga. at 458 (State's stipulation to admission of affidavit of deceased defense witness sufficient to alleviate prejudice from witness's death); *Nusser*, 275 Ga. App. at 900-901 (medical records stipulated by State to be admissible were sufficient to stand in doctor's testimony).

[25] Compare *Brannen*, 274 Ga. at 458 (describing contents of affidavit as to be "unchallenged" in view of unavailability of cross-examination); *Nelloms*, 274 Ga. at 181 (trial court alleviated prejudice to the defendant caused by witnesses of victim's prior acts of violence by obtaining stipulation from the State that it would not object to defense argument regarding victim's prior acts of violence should defense show prima facie case of justification).

[26] *Hardeman v. State*, 280 Ga. App. 168, 171 (4) (633 SE2d 595) (2006).

[27] Compare *Barker*, 407 U. S. at 536 (V) ("barring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied [the] constitutional right [to a speedy trial] on a record that strongly indicates . . . that the defendant did not want a speedy trial"); *Bass v. State*, 275 Ga. App. 259, 260-261 (3) (620 SE2d 184) (2005) ("defense did not raise the issue of a speedy trial until it appeared certain the case would be tried").

that the trial court did not abuse its discretion in granting Nagbe's plea in bar for violation of her constitutional right to a speedy trial.[28]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 8, 2010 — 

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellant.
*Ross & Pines, Noah H. Pines*, for appellee.

---

[28] See *Allgood*, 252 Ga. App. at 641 (4) (given length of delay, lack of explanation for the delay, and death of material witness, trial court did not err in granting motion to dismiss).