## A11A0004. THE STATE v. REIMERS.
(714 SE2d 417)

MILLER, Presiding Judge.

The State appeals the trial court's order granting Christian Eric Reimers's motion for discharge and acquittal of three counts of child molestation (OCGA § 16-6-4 (a) (1)), on the grounds that Reimers's Sixth Amendment right to a speedy trial was violated. For the reasons that follow, we reverse and remand with direction.

> The trial court's weighing of each factor and its balancing of all four factors — its ultimate judgment — are reviewed on appeal only for abuse of discretion. However, where the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished. In addition, the trial court's order must provide sufficient findings of fact and conclusions of law to permit this Court to determine if the trial court properly exercised its discretion under the *Barker* [*v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972)] analysis. See *Higgenbottom v. State*, 288 Ga. 429, 430 (704 SE2d 786) (2011).

(Citations and punctuation omitted.) *State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011).

The record shows that Reimers was arrested on June 4, 2008, for child molestation, specifically for touching the breasts, buttocks, and vaginal area of a female child under the age of 16 with his hand. Reimers has been represented by counsel at all times since that date. On June 8, 2008, a consent bond was entered and Reimers was released from jail. The charges against Reimers were presented to the grand jury, and a true bill was returned on October 6, 2009. Reimers filed a waiver of arraignment on the date of his scheduled arraignment, November 3, 2009. The State provided formal discovery and filed a demand for reciprocal discovery on November 20, 2009. Supplemental discovery was provided to Reimers on January 27, 2010, to provide him the forensic video recording of the State's interview of the alleged victim. Reimers provided reciprocal discovery in the nature of witness lists to the State on February 26, 2010, and separately filed a statutory demand for speedy trial pursuant to OCGA § 17-7-170.

Reimers announced ready for trial at calendar calls on March 30 and May 25, 2010. Although his case was placed on the criminal jury trial calendar for the week beginning June 14, 2010, it was not reached for trial during that week. On June 11, 2010, Reimers filed the underlying motion for discharge and acquittal, raising for the

first time a violation of his constitutional right to a speedy trial. Three days later, the trial court granted a consent motion to amend bond conditions to clarify and make an "express exception" from its previously ordered limitations as to contact with children under 16 years of age for purposes of facilitating Reimers's employment. And, on July 6, 2010, the trial court granted the instant motion for discharge and acquittal. At issue is whether the trial court abused its discretion in applying the four-part balancing test set forth by the United States Supreme Court in *Barker*.

1. *Presumptive Prejudice.* Before engaging in the *Barker* analysis, we must first determine "whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered presumptively prejudicial. If not, the speedy trial claim fails at the threshold." (Citation and punctuation omitted.) *Porter*, supra, 288 Ga. at 525 (2) (a). In calculating the length of delay where a trial has not occurred, as here, the delay should be measured from the date of arrest or other formal accusation to the date on which a defendant's speedy trial motion was granted or denied. *Ruffin v. State*, 284 Ga. 52, 55, n. 15 (663 SE2d 189) (2008). In this case, such dates are June 4, 2008, and July 6, 2010, respectively. Additionally, pretrial delay of one year or more generally marks the point at which delay becomes presumptively prejudicial. See *Doggett v. United States*, 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992); see also *Porter*, supra, 288 Ga. at 526-527 (2) (b); *Ruffin*, supra, 284 Ga. at 53, n. 1.

The State concedes, and we agree, that the trial court properly concluded that the two-year delay in this case was presumptively prejudicial. The threshold inquiry thus having been satisfied, we proceed to the four-factor *Barker* balancing test. *Porter*, supra, 288 Ga. at 525 (2) (a).

2. *Barker Factors.* Under *Barker*, the trial court was required to consider:

> (1) the length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right; and (4) the prejudice to the defendant. Standing alone, none of these factors are a necessary, or sufficient condition to a finding of deprivation of the right to a speedy trial, but rather should be considered as part of a balancing test. Thus, we must apply and weigh these factors together to determine if [Reimers's] constitutional right to a speedy trial has been abridged.

(Citations omitted.) *Layman v. State*, 284 Ga. 83, 84 (663 SE2d 169) (2008).

(a) *Length of Delay.* The State concedes the presence of pre-

sumptive prejudice, but argues that the trial court failed to weigh the length of delay factor in its *Barker* analysis. We agree. The trial court's complete failure to consider the length of delay in balancing the *Barker* factors was error. *Ruffin*, supra, 284 Ga. at 56-57 (2) (b) (i) ("It is important that trial courts not limit their consideration of the lengthiness of the pretrial delay to the threshold question of presumptive prejudice and remember to count it again as one of the four criteria to be weighed in the balancing process at the second stage of the *Barker-Doggett* analysis. . . . *This latter enquiry is significant to the speedy trial analysis because the presumption that pretrial delay has prejudiced the accused intensifies over time.*") (punctuation and footnote omitted; emphasis supplied).

(b) *Reason for the Delay.* The trial court weighed this factor heavily against the State, finding that the reason for the pretrial delay was unexplained and not attributable to the defense. "Where no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial." *Boseman v. State*, 263 Ga. 730, 733 (1) (b) (438 SE2d 626) (1994). As Reimers concedes in his appellate brief, there is no evidence that "the State's inaction was purposeful to hamper the defense." See *Nelloms v. State*, 274 Ga. 179, 180 (549 SE2d 381) (2001) ("[T]here is nothing evidencing that most serious abuse — [a] deliberate attempt to delay the trial in order to hamper the defense.") (citation and punctuation omitted). Accordingly, we agree that this factor weighs against the State, but contrary to the finding of the trial court, not heavily. *State v. Nagbe*, 302 Ga. App. 682, 684 (691 SE2d 593) (2010).

(c) *Assertion of the Right.* The State contends that the trial court erred in weighing this factor in favor of Reimers and against the State. We agree.

While the constitutional right to a speedy trial may be invoked as soon as an accused is arrested and need not await "indictment, information, or other formal charge[,] . . . [t]he relevant question for purposes of the third *Barker-Doggett* factor is whether the accused has asserted the right to a speedy trial 'in due course.' " (Punctuation and footnotes omitted.) *Ruffin*, supra, 284 Ga. at 62-63 (2) (b) (iii).

Here, Reimers was arrested on June 8, 2008, and indicted on October 6, 2009. Reimers filed a speedy trial demand on February 26, 2010, which was based only on his statutory right to a speedy trial under OCGA § 17-7-170 (a), rather than the constitutional ground raised in this appeal and asserted for the first time in Reimers's June 11, 2010 motion for discharge and acquittal. Accord *Torres v. State*, 270 Ga. 79, 80 (2) (508 SE2d 171) (1998); see also *Disharoon v. State*, 288 Ga. App. 1, 4 (1) (c) (652 SE2d 902) (2007) (concluding that first time defendant asserted his constitutional right to a speedy trial was

in his motion for discharge and acquittal).

Despite the two-year delay in asserting his constitutional right to a speedy trial, the trial court determined that this factor should be weighed heavily in favor of Reimers. The trial court first found that Reimers could not be faulted for his failure to assert his demand on either constitutional or statutory grounds prior to receiving complete discovery from the State. The trial court went on to discuss the months following Reimers's statutory speedy trial demand, finding that during such time, Reimers took "extraordinary measure[s]" and "remarkable steps to ensure that his assertion of that right was made known and effectuated." The trial court specifically pointed to Reimers's appearance at a calendar call when he was not on the calendar, where Reimers agreed to waive any notice requirements and asked to be placed on trial, as well as Reimers's appearance at the subsequent calendar call, where he announced ready for trial.

Although Reimers's two-year delay in asserting his constitutional right to a speedy trial normally would be weighted heavily against him, we recognize that mitigating circumstances can authorize a trial court to find otherwise, i.e., by weighting this factor slightly against the defendant. See *State v. Ivory*, 304 Ga. App. 859, 862-863 (2) (c) (698 SE2d 340) (2010); see also *State v. Moses*, 301 Ga. App. 315, 320 (2) (c) (692 SE2d 1) (2009). Notably, we found no abuse of discretion in *Ivory* where the trial court mitigated the weight given this factor due to the defendant's demands that the State comply with discovery obligations before asserting his right to a speedy trial. *Ivory*, supra, 304 Ga. App. at 862-863 (2) (c). Here, on the other hand, the trial court cited the above-referenced mitigating circumstances as its basis for weighing the assertion of right factor *heavily in favor* of Reimers. Thus, the trial court misapplied the law to the extent that it failed to weigh against Reimers, or even slightly against him, his delay in asserting his constitutional right to a speedy trial.

(d) *Prejudice to the Defendant.* In evaluating this final *Barker* factor, we consider three types of prejudice associated with an unreasonable delay before trial — oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired. *Porter*, supra, 288 Ga. at 529 (2) (c) (4). The State challenges the trial court's findings on the latter two types of prejudice,[1] asserting that Reimers's evidence of anxiety and concern is no more significant than that inherently present as to

---

[1] Although Reimers did not make a claim of oppressive pretrial incarceration in his motion for discharge and acquittal, the trial court's order found that there was no evidence of this type of prejudice under the *Barker* analysis, citing the fact that Reimers spent only five days in custody following his arrest. As the State concedes on appeal, the trial court was authorized to find a lack of oppressive pretrial incarceration in this case.

any person facing criminal prosecution, and that apart from the fact that the alleged victim is two years older than she was at the time of the arrest, there is no evidence of impairment to the Reimers's defense. We agree.

Regarding anxiety and concern, the trial court found that Reimers "provided specific evidence that he has suffered anxiety and concern above and beyond that which is typical of one facing felony criminal charges." The trial court specifically pointed to Reimers's loss of, and inability to obtain, employment due to the pendency of his criminal charges, as well as the resulting exhaustion of financial resources to maintain his home and the threat of imminent foreclosure. The trial court also found that Reimers "lost the past two years of experiencing the life of his children," because his child molestation charges deprived him of custody of his children.[2]

As an initial matter, the trial court's finding on anxiety and concern appears to conflict with its conclusion at the hearing on Reimers's motion for discharge and acquittal. At that hearing, the trial court stated, "As far as anxiety and concern of the defendant about his life, I'm not sure that's tied particularly to the case." Morever, this Court has previously found that difficulties similar to Reimers's, such as the loss of employment, the break-up of a marriage, and financial difficulties, while "certainly associated with the fact of [a defendant's] arrest and prosecution," were not shown to be specifically caused by the delay in the defendant's prosecution. See *Simmons v. State*, 304 Ga. App. 39, 44 (2) (d) (696 SE2d 75) (2010); *Jackson v. State*, 279 Ga. 449, 453-454 (3) (614 SE2d 781) (2005). Likewise, while the difficulties raised by Reimers in this case are certainly associated with the fact of Reimers's arrest and prosecution for child molestation, Reimers has not shown that the delay in this case is actually the cause of such difficulties. Indeed, even Reimers testified that it was simply "having an accusation charged against [him] . . . that's causing [him] the anxiety." Thus, given the lack of evidentiary support, coupled with the trial court's conclusion at the motion for discharge and acquittal hearing, the record provides no basis for the trial court's finding that Reimers suffered extraordinary anxiety and concern as a result of the pretrial delay.

Finally, of the three "forms of prejudice, the most serious is [the possibility of impairment to the defense], because the inability of a defendant adequately to prepare his case skews the fairness of the

---

[2] One of the special conditions of Reimers's bond required him to "stay away, absolutely, directly or indirectly, by person and telephone, from the person, home [of] any child under age 16 years." As an exception to this condition, however, Reimers was permitted to visit with his two children.

entire system." (Citation and punctuation omitted.) *Porter*, supra, 288 Ga. at 529 (2) (c) (4). As discussed in Division 1 above, this case involved a presumption of prejudice that arose from the two-year delay. See id. at 531 (2) (c) (4) ("[O]nce the threshold of presumptive prejudice is satisfied, a presumption of prejudice always exists, although it increases in weight over time."). However, "the presumptive prejudice that arises from the significant delay in [Reimers's] trial cannot alone carry his Sixth Amendment claim without regard to the other *Barker* criteria." (Punctuation and footnote omitted.) *Harris v. State*, 284 Ga. 455, 456-457 (667 SE2d 361) (2008). Moreover,

> [t]he weight given to the prejudice factor may be bolstered if the defendant can demonstrate some actual impairment to his defense in addition to prejudice that is presumed from the passage of time. Likewise, the weight given to presumed prejudice may be reduced or even eliminated if the State can show that the defense has not, in fact, been substantially impaired.

*Porter*, supra, 288 Ga. at 532 (2) (d).

Beyond the presumptive prejudice that arose in this case, however, the trial court made no finding of demonstrable impairment to Reimers's defense. In support of his motion for discharge and acquittal, Reimers asserted that "the State's case gains strength with the aging of its witness," and that Reimers's defense is impaired given the jury's decreased ability "to make appropriate credibility determinations of the witness due to her current age, as opposed to her age at the time of the allegations." In addressing Reimers's assertions, the trial court acknowledged that it could not "know for certain what a jury may ultimately determine after hearing the testimony from the [victim], direct and cross-examination, reviewing her prior statements and deliberating on any other evidence which may be produced." The trial court nevertheless went on to find that it could not rule out the possibility of impairment to Reimers's defense as the statements of the child victim provided the only direct evidence of the allegations in this case and that no physical or other corroborating evidence was indicated. As even apparently recognized by the trial court in its order, however, such is not sufficient evidentiary support showing demonstrable impairment of Reimers's defense.

Accordingly, although a presumption of prejudice arose from the passage of time in this case, Reimers failed to substantiate this presumption with any evidence of actual impairment or extraordinary anxiety and concern. The trial court erred to the extent it found

otherwise.

3. *Barker Balancing Test*. As indicated above, we recognize that "[a] trial court exercises substantial discretion in applying the *Barker* balancing test, and its ultimate judgment is reviewed on appeal only for abuse of that discretion." *Porter*, supra, 288 Ga. at 533 (2) (e). Nevertheless, "where the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished." (Citation and punctuation omitted.) Id.

Here, the trial court's order erred in its factual findings regarding Reimers's extraordinary anxiety and concern. The trial court's order also reveals significant legal errors. Notably, it failed to consider the length of delay as the first of the *Barker* factors. Further, it erred in weighing the reason for delay factor heavily against the State (rather than simply against the State), and in weighing the assertion of right factor heavily in favor of Reimers (rather than against, or slightly against, him). Finally, the trial court erred to the extent it did not consider Reimers's failure to substantiate presumptive prejudice with any evidence of actual impairment.

As a result, the trial court could not properly balance the *Barker* factors, and the trial court's order must be vacated and the case remanded "for the trial court to exercise its discretion again using properly supported factual findings and the correct legal analysis, reflected in an adequate written order." (Citations omitted.) *Porter*, supra, 288 Ga. at 534 (2) (e). Accordingly, we reverse the judgment of the trial court and remand the case for proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Ellington, C. J., and Doyle, J., concur.*

DECIDED JULY 14, 2011.

*Dick Donovan, District Attorney, Paul E. Hemmann, Assistant District Attorney, Fred A. Lane, Jr.,* for appellant.

*Timothy B. Lumpkin,* for appellee.